60 223
61 271

FREDERICK WEYERHAEUSER and Others v. ISAAC FOSTER.[1]

February 4, 1895.

No. 8995.

**Claim and Delivery—Value—Estoppel by Pleading.**
In actions in claim and delivery, statements as to the value of the property, made in his bond and affidavit when plaintiff is seeking to obtain possession, estop him from asserting a different value at the trial, save in exceptional cases.

**Verdict Sustained.**
*Held,* that the verdict herein was sustained by the evidence.

Action in claim and delivery for the return of certain saw logs. The action was begun in Ramsey county, but defendant obtained a

[1] Reported in 61 N. W. 1129.

change of venue to Wadena county. At the trial there was a verdict for defendant. From an order of the district court for Wadena county, Holland, J., denying their motion for a new trial, plaintiffs appealed. Affirmed.

*Clapp & Macartney*, for appellants.

*Coppernoll & Willson*, for respondent.

COLLINS, J.   This was an action in claim and delivery, wherein plaintiffs had obtained possession of the property by means of the statutory bond and affidavit, and held possession at the time of the trial. There are but two assignments of error. The first is directed to a ruling of the court whereby, after the value of the property, as alleged in the bond and affidavit and in the complaint, stood admitted by defendant's answer and at the trial, the plaintiffs, without even attempting to amend their complaint, were prevented from introducing testimony tending to show that it was of much less value. The ruling was correct, and the authorities go much further than would be necessary to sustain it. The statement as to the value of the property, made in the bond and affidavit at a time when the plaintiff is seeking to obtain possession, must be regarded as estopping him from asserting a different value. After fixing it at such a time, plaintiff should not be heard to complain of the value so fixed by him, save in exceptional cases. Wells, Repl. §§ 569, 660, and cases cited. The presumption is that the defendant relies and acts on the statement as to value in subsequent proceedings,—such, for instance, as when he determines whether he shall avail himself of the privilege of rebonding and retaining possession. As remarked by Mr. Wells, the enforcement of the rule is calculated to promote a fair and reasonable estimate of value in the bond and affidavit by the party seeking to obtain possession.

We assume that by the second assignment of error the point is made that the verdict is not sustained by the evidence. We have carefully examined all of the testimony produced upon the trial. To one who thus reads it in connection with the maps and diagrams, it becomes somewhat obscure and confusing,—less satisfactory to the mind than the evidence in an ordinary case. To set aside the verdict, we should have to decide that by the evidence it was conclusively shown that a part or all of the pine cut on plain-

tiffs' land was hauled into defendant's mill yard. This could only be done by excluding from consideration all testimony as to the cutting of pine trees in that vicinity by parties who did not haul to defendant's yard, as to roads and sleigh tracks which led elsewhere, as to logging landings and other mill yards in the neighborhood, and as to other matters tending to show that the logs might have been hauled somewhere else. We confess that plaintiffs made out a strong case of circumstantial evidence, and that a verdict in their favor would have been much more satisfactory than the one rendered, but it was not conclusive in plaintiffs' favor as to any of the timber. There was evidence to sustain the verdict, however, and we cannot usurp the functions of a jury.

Order affirmed.