## LIEN v. SIOUX FALLS SAVINGS BANK.

A surety having paid the debt of his principal to a bank, to which the principal has given collateral security, the bank is charged with notice that by the express provisions of Comp. Laws, § 4309, the surety is entitled to such security, so that, though another claims it, the bank cannot relieve itself from responsibility by depositing it in court, under Laws 1895, Chap. 65, providing that when two persons claim property in possession of another, and he is "unable to determine to whom the same rightfully belongs, or who is rightfuly entitled to the possession thereof," he may, on action being begun therefor by one claimant, deposit it in court, and give notice to the other claimants.

HANEY, J., dissenting.

(Opinion filed January 10, 1900.)

Appeal from circuit court, Minnehaha county.   HON. JOSEPH W. JONES, Judge.

Action by B. H. Lien against the Sioux Falls Savings Bank, for conversion of certain personal property.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

The facts are stated in the opinion.

*J. W. Boyce,* for appellant.

*Bailey & Voorhees,* for respondent.

FULLER, P. J.   Briefly stated, the following facts were relied upon as a defense to a complaint alleging the conver-

sion of a secured note or contract for the payment of $2,500, and certain bank stock of the value of $2,200: On the 9th day of November, 1896, this plaintiff and two other persons became sureties for the payment of a $4,000 note executed that day by John Sunback, as principal, to the defendant herein, and secured by the deposit of the note and bank stock above mentioned, of which collateral said Sunback was at the time the legal holder. This note not having been paid, the defendant herein brought suit, and on the 10th day of October, 1898, procured a judgment against said Sunback, as principal, and all the sureties, for the sum of about $4,200. On the next day plaintiff in this action satisfied and paid the entire amount of said judgment, including costs, and thereupon demanded the surrender of the collateral above mentioned, which demand was refused by defendant herein on the ground that one Joe Kirby claimed that the same belonged to him. Immediately upon the service of the complaint in this action, the defendant caused the said personal property to be deposited with the clerk of the circuit court, and served upon the plaintiff and the said Kirby due notice thereof. To an answer setting forth fully the foregoing facts, plaintiff demurred, and this appeal from an order sustaining the same requires a construction of chapter 65 of the Laws of 1895, which provides that: "Whenever two or more persons make claim for the whole or any part of the same money, personal property or effects in possession or control of any other person, as bailee or otherwise, and the right of any such claimant is adverse to the right of any other claimant, or is disputed or doubtful, and the bailee, custodian or person in control of any part of such property, money or effects is unable to determine to whom the same rightfully belongs, or who is

rightfully entitled to the possession thereof. or whenever such bailee, custodian or person in control has notice. or knowledge of any right or claim of right of any person in or to any part of such property, money or effects adverse to the right of any other claimant thereof.   *   *   *   In any such case the person in possession or control of any such property, money or effects, when an action in any. form has been commenced for, on account of, or growing out of, the same   *   *   *   may pay. such money or deliver such property or effects to the clerk of the court in which any such action having reference to said money, property or effects, or the value thereof may be pending.   *   *   *   In either case, such person in possession or control of such property, money or effects shall at once notify, personally or by registered mail, all persons of whose claims he may have notice or knowledge, having or claiming any interest, property, lien or right in, to or upon such property, money or effects of such deposit; and, upon giving such notice, the person so depositing the same shall thereupon be relieved from further liability to any person on account of any such property, money or effects."

It is stated in the answer, and the law is, that these collateral securities deposited by the principal obligor are equally for the benefit of appellant and all the sureties. Therefore, when this surety had paid the debt of his principal, evidenced by the judgment, he was, in equity, subrogated to all the rights of appellant, upon whom the law has imposed the duty of surrendering on demand the property in question, so that the same may be made available in the way of reimbursement to respondent. 2 Daniel, Neg. Inst. 1343. In such cases, says an able writer, "equity gives to the surety a right to call

for a transfer of the securities, and so binds those securities, into whatever hands they may come, with notice of the charge." Brandt, Sur. p. 372. Our legislature adopted the common-law rule, by the following enactment: "A surety is entitled to the benefit of every security for the performance of the principal obligation, held by the creditor, or by a cosurety, at the time of entering into the contract of suretyship, or acquired by him afterwards, whether the surety was aware of the security or not." Comp. Laws, § 4309. The statute having "determined to whom the same rightfully belongs, or who is rightfully en titled to the possession thereof," appellant stood charged with knowledge of a duty imposed by law; and chapter 65 of the Laws of 1895, whatever else it may embrace, does not include and operate upon a case like the one before us. The order appealed from is affirmed.

HANEY, J. dissenting.