## SIOUX FALLS SAVING BANK v. LIEN *et al.*

1.  A surety having paid his principal's debt to a bank brought conversion against it for collaterals. The bank answered that it had deposited the collaterals with the clerk of court, under Laws 1895, Chap. 65, as they were claimed by a third party. A demurrer was sustained to the answer, but before the action was concluded the bank sued to compel an interpleader to determine the right to the collaterals. *Held*, that the order sustaining the demurrer was not *res adjudicata* as between the bank and such surety as to the possession of such collaterals.

2.  As such collaterals were, in contemplation of law, in court, it was proper to require such parties to interplead, and adjudicate their respective rights to them.

3.  A bank was sued in conversion by a surety, after his payment of the debt, for the possession of collaterals. The bank, averring that they were claimed by a third person, deposited them with the clerk of the court, under Laws 1895, Chap. 65. A demurrer to such answer was sustained, and on appeal the ruling was affirmed. Before such action was concluded, the bank sued to compel an interpleader as to right of possession of the collaterals. *Held*, that the bank, having acted in good faith, on the belief that he was entitled to deposit the collaterals with the clerk, it was not guilty of laches in not sooner instituting its suit in interpleader.

(Opinion filed April 19, 1901.)

Appeal from circuit court Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Sioux Falls Savings Bank against B. H. Lien and others, to compel an interpleader. From a judgment for defendants, plaintiff appeals. Reversed.

*Boyce & Warren* and *A. B. Kittredge,* for appellant.

The liability of the surety for the debt to the holder of the obligation is no greater and no less than that of the principal, and hence the simple fact that some of several joint debtors are sureties only is not a relevant issue in an action on the obligation. Berg v. Radcliff, 6 Johns. Ch. 307; Kroncke v. Madsen, 77 N. W. Rep. 202.

The order sustaining the demurrer to the answer of the Savings Bank in the conversion suit was but an introductory order and not a judgment and was not a bar to this action. Webb v. Buckelew, 82 N. Y. 560; Brinkley v. Brinkley, 50 N. Y. 202; Board of Education v. Fowler, 19 Cal. 27.

Where a third person pledges his property as a security for the payment of the debt or obligation of another, such property will itself stand in the position of a surety. Brandt on Suretyship, Secs. 21, 22; 24 Ency. of Law, 722; Price v. Dime Sav. Bank, 124 Ill., 317; Allen v. O'Donald, 28 Fed. Rep. 246; Christner v. Brown 16 Ia. 130.

But a surety of a surety is not a co-surety liable to contribution to a debt paid by a co-surety of the principal, and hence this collateral paper owned and pledged by Kirby, being but a surety for Lien, the surety of Sunback would not be liable to contribute to Lien upon payment of the debt, and he would have no claim upon it. Am. & Eng. Ency. of Law, Vol. 24, p. 815; Brandt on Suretyship, Sec. 230. Bulkeley v House. 21 L. R. A. 247; Wells v. Miller, 66 N. Y. 255; Turner v. Overall, 39 S. W. 756; Sayles v. Sims, 73 N.

Y. 551.    The right of a pledgee to plead title in a third person in an action by the pledgor, is unquestioned, and therefore the Savings Bank may plead and prove title in Kirby, if it can, as a defense to the conversion suit brought by Lien, although it is not obliged to assume the hazard of so doing, but may protect itself by filing a bill of interpleader.   Palmtag v. Doutrich, 59 Cal. 154;   Ball v. Liney, 48 N. Y. 6;   Cass v. Higinbotham, 100 N. Y. 248;   Hentz v. The Idaho, 3 Otto 575;   Trans. Co. v. Barber, 56 N. Y. 544.

The appellant occupied the position of a mere stakeholder and was not bound to exercise any judgment as to which of the two claimants to deliver the property.   Cram v. McDonald, 118 N. Y. 648;   School Dist. v. Weston, 31 Mich. 85;   Atkinson v. Monks, 1 Con. 703.

If two or more claims are made against a stakeholder, or two or more actions have been brought against him, and although the actions be in different forms, as one in replevin for the property itself and another in conversion for the value of the property growing out of a demand made for the property, yet, if the right relied upon by the several claimants to support their several actions is founded upon a controverted title to property in which the claimants alone are interested, the stakeholder may have the remedy of interpleader. 2 Story's Equity Jurisprudence, Sec. 801-806, 808, 814;   3 Pomeroy's Equity Jurisprudence, Sects. 1321, 1323;   Nash v. Smith, 6 Conn. 421;   Langston v. Boylson, 2 Ves. Jr. 106;   Shaw v. Coster, 8 Paige Ch. 340;   School Dist. v. Weston, 31 Mich. 85;   Field v. Early, 45 N. E. Rep .917;   Cobb v. Rice, 130 Mass. 231;   Martin v. Maberry, 1 Dev. Eq. 169;   Mount Holly Etc. Co. v. Ferree, 17 N. J. Eq. 117;   Marvin v. Ellwood, 11 Paige Ch. 365;   Tiernen v. Boscamiere, 10 Gill & J. 217.

The plaintiff having placed the property in the custody of the

law, and the court, having thus obtained possession and control of the property, it may deliver it to the successful claimant at the end of the litigation, and may enforce such delivery by the process of the court in whose hands soever it may be found, notwithstanding the fact that the property has been delivered to Kirby in the replevin suit. Hagen v. Lucas, 10 Peters 400; Hunt v. Robinson, 11 Cal. 262; Lockwood v. Perry, 9 Met. 440; White v. Dolliver, 113 Mass. 402; Bank v Dunn. 97 N. Y. 149,156; Beagle v. Smith, 69 N. W. Rep. 956; Hoffman v. Connor, 76 N. Y. 121; Cobbey on Replevin, Sec. 706; Nash v. Smith, 6 Conn. 421.

*Bailey & Voorhees, for respondents.*

As between appellant and respondent Lien, the matter in controversy in this action are *res judicata.* A judgment upon a demurrer is a bar to a subsequent action involving the same facts passed upon in the ruling upon the demurrer. Gould Plead. Chap. 9, § 43; Gould v. Railroad, 91 U. S. 526; Carlin v. Brockett, 38 Minn. 307; People v. Stevens, 51 How. Pr. 235; 71 N. Y. 527; Bissell v. Spring Valley Twp., 124 U. S. 225; Aurora City v. West, 7 Wall. 82; Alley v. Nott, 111 U. S. 472; Brown v. Kirkbride, 19 Kas. 588; Wilson v. Ray, 24 Ind. 156; 21 Am. & Eng. Enc. of Law 568; Shannon v. Port Huron Thresher Co. 82 N. W. 413.

Appellant having voluntarily parted with the possession of the collateral securities, and being now unable to bring them into court or to obey any order which the court might make in regard to their custody, cannot maintain this action. Mazyck v. McElwen, 2 Bailey 28; Hammer v. Kaufman, 39 Ill. 87; Seymour v. Hines, 104 Ill. 557; Baker v. Hunt, 1 Wend. 103; Souls v. Holdridge, 25 Ind. 119; State v. Enstow, 24 S. E. 679; Chim v. Mitchell, 2 Metc. 92; San Luis Obispo Co. v. Farnum, 41 Pac. 445; People v. Cobb, 51 Pac. 523; 9 Enc. Plead. and Prac. 736; 11 Enc. Plead. and Prac.

460; 3 Pom. Eq. Juris. 1525, 1328; 2 Don. Chome. Plead and Pros. 1563; 1 Beach Mod. Eq. Proc. 146; Story's Eq. Plead 291; Pfister v. Wade, 56 Cal. 51.

CORSON, J.   This is an action in equity to compel an interpleader between the defendants to determine the right to the possession of certain securities deposited with the plaintiff bank.  Judgment was entered for the defendants, and the plaintiff appeals.

The appeal is from the judgment, and the principal ground re relied upon for a reversal of the judgment is that the conclusions of law are not supported by the facts.   The case is somewhat complicated and the findings of the court are quite lengthy, and we shall only attempt a brief summary of them.   The court finds that on the 9th day of November, 1896, the defendant, Lien, together with John Sundback, H. H. Natwick, and Jacob Schatzel, Jr., executed and delivered to the plaintiff their promissory note for the payment of the sum of $4,000, and that to secure the payment of the same twenty shares of the capital stock of the State Banking and Trust Company of South Dakota and a certain note and mortgage for $2,500 were deposited as collateral security for the payment of the same; that on or about the 23rd day of June, 1897, the plaintiff commenced an action against said Sundback, Natwick, Schatzel and Lien, to recover the amount due on said note, which action resulted in a judgment in favor of the plaintiff, and against the defendants, and the proceedings in said action are set out in full in the findings;  that on the 11th day of October, 1898, the defendant Lien paid said judgment in full and the plaintiff thereupon executed a satisfaction of said judgment, and the same was filed in the office of the clerk the same day; that on the same day, and after said Lien had paid the amount due upon said judgment, he made written demand on the plaintiff for the securities pledged

with said note, with which said demand the plaintiff refused to comply; that at divers times before and after said payment of said judgment, one Joe Kirby notified the plaintiff herein that said personal property belonged to him, and forbade the plaintiff to deliver the same to any person other than himself; that, after the making of said demand by said Lien for the securities so pledged to secure the payment of said note, he commenced an action to recover damages for the conversion of said collaterals, upon the 11th day of October, 1898, the pleadings and other proceedings in that action being set out in full in the findings; that on or about the 21st day of November, 1898, the plaintiff herein delivered to the defendant, W. J. Crisp, the collaterals pledged as security for said note, and served upon defendant, Lien, and upon Bailey & Voorhees, his attorneys, notice of such deposit; that in said action of conversion the plaintiff demurred to the fifth paragraph of the answer—which set out the fact that defendant had so deposited the securities with said defendant, Crisp, as clerk of the court, under the provisions of chapter 65 of the laws of 1895—and an order was entered in said action sustaining the demurrer; that on the 3rd day of February, 1899, the present plaintiff, defendant in that action, duly appealed to the supreme court from said order sustaining the demurrer to the fifth paragraph of the answer, and that on said appeal on the 10th day of January, 1900, said order was affirmed by the supreme court of this state, the opinion of said court being set out in full in the findings and reported in 12 S. D. 317, 81 N. W. 628; that after the deposit of said collaterals with the defendant, Crisp, by the plaintiff, the defendant Kirby, having first obtained leave of the court, commenced an action in claim and delivery against the defendant Crisp to obtain possession of said collaterals so deposited with him by the present plaintiff; that in said action in claim and delivery said Kirby

obtained possession of said collaterals, and none of the proceeds thereof have ever come into the possession of either of the other defandants in this action, but have been retained wholly by said defendant Kirby; that in said action of claim and delivery the defendant Crisp, upon the 19th day of January, 1899, served his answer to the complaint in said action, which answer is set out in full in the findings; that in said action the plaintiff herein, upon the 30th day of April, 1900, obtained from the circuit court an order allowing it to serve a complaint of intervention, said order being set out in full in the findings; that subsequent to the entry of said order, and prior to the commencement of this action, the plaintiff served its complaint in intervention, which is set out in full in the findings; that defendant Crisp has answered said complaint in intervention, which answer is set out in full in the findings; that defendant Kirby has demurred to the complaint in intervention, which demurrer is set out in full in the findings; that said action of claim and delivery has never been brought on for trial, and the same is now pending upon the complaint and answer of the defendant Crisp thereto, and the demurrer thereto of the defendant Kirby; that the action of conversion by said Lien against this plaintiff has been noticed for trial since the affirmance by said supreme court of said order sustaining said demurrer, but the same remains untried and undetermined; that this action is not brought by the plaintiff in collusion with any of the defendants herein; that plaintiff makes no claim upon said note and mortgage, or the said bank stock, or any part thereof; that plaintiff is, and was at the time of the commencement of this action, ignorant of the respective rights of the parties herein, unless knowledge should be imputed to it from the facts hereinbefore found.   Upon these facts the court made its conclusions of law, which may be briefly summarized as follows:   That the note

given to plaintiff, and signed by Sundback, Natwick, Schatzel and the defendant, Lien, was executed by Sundback as principal and by the other three named as sureties; that the note, mortgage and bank stock pledged as security for said note were held by the plaintiff as collateral security for the amount due upon said note; that upon payment by the defendant Lien of the judgment upon the note obtained by the plaintiff, said Lien became entitled to the possession of the note, mortgage and bank stock pledged to secure the same; that the deposit by the plaintiff of said note, mortgage and bank stock with the defendant Crisp was a voluntary deposit, and that it was not a deposit of the same with the defendant Crisp as the clerk of the court in accordance with the provisions of chapter 65 of the laws of 1895. The court further concludes that, as between the plaintiff in this action and the defendant Lien, it has been judicially determined in the action between the bank and said Lien that by the payment by said Lien of the judgment against Sundback and the others he became entitled to the securities mentioned, and that the bank, by its own act, has put the secureties out of its possession, and by such act has rendered it impossible to bring the same into court, or to dispose of the same as the court may direct, and hence the court concludes that the plaintiff is not entitled to maintain its action; that the plaintiff is not entitled to judgment requiring the said Kirby to interplead with the said defendants Lien and Kirby; that as between the plaintiff and the defendants Kirby and Crisp, there is pending and undetermined an action which involves all the causes of action involved in this action between the plaintiff and the defendants Kirby and Crisp; that the defendants Lien and Crisp are entitled to judgment against the plaintiff dismissing the action, and that judgment should be entered herein in accordance with the foregoing conclusions of law. The plaintiff

excepted to these various conclusions of law by the court, but these exceptions are too voluminous to be inserted in the opinion.

It will thus be seen that the litigation in this case has given rise to four actions. The first was the action by the bank, the present plaintiff, against Sundback and the three others, to recover the amount of the note executed by them to the bank. From that judgment no appeal has been taken. The second action was brought by Lien, claiming to be one of the sureties of Sundback upon the note, for the conversion of the note, mortgage and bank stock. To this action the plaintiff pleaded the fact that it had deposited the note, mortgage and bank stock with J. W. Crisp as clerk of the circuit court, under the provisions of chapter 65 of the laws of 1895; and to this answer a demurrer was interposed, which was sustained by the court below, which decision was affirmed by this court on the ground that the defendant was not authorized to deposit the securities with the clerk of the court, but, under the facts as they then appeared, should have delivered them over to Lien upon his payment of the judgment. The third action, it seems, was one in claim and delivery, brought by Kirby to recover possession of the securities from Crisp, to whom they had been delivered by the bank. In that action the plaintiff has intervened, and served its complaint of intervention, which has been answered by the defendant Crisp, and demurred to by the defendant Kirby, and is now undetermined. The fourth is the present action to compel Lien, Crisp and Kirby to interplead as between themselves as to the rights of the respective parties to the said securities. It is provided in the judgment in the action of the bank against Sundback and the others as follows: "It is, on motion of the plaintiff, ordered, adjudged, and decreed, that the plaintiff, the Sioux Falls Savings Bank of Sioux Falls, South Dakota, have and recover of the defendant John Sundback, as

principal debtor, and of the defendants, B. H. Lien, H. H. Natwick, and Jacob Schatzel, Jr., as sureties of said John Sundback, principal debtor, the sum of $4,167.70, besides its costs and disbursements herein." It is adjudged and determined that the plaintiff holds as collateral security to the indebtedness of the defendant therein twenty shares of capital stock of said banking and trust company, and one certain note for $2,500, dated November 1, 1893, together with a mortgage upon real property securing said note. In support of the judgment of the court below in this action it is contended on the part of the respondents that this judgment constitutes an adjudication between the plaintiff bank and Lien that John Sundback was principal in said note, and that Lien and the other persons named were sureties upon the same. As we have seen, upon the action of Lien against the bank for the conversion of these securities it was held by the circuit court on demurrer, and affirmed by this court on appeal, that the fact that the defendant bank in that action deposited the securities with Crisp, the defendant herein, as clerk of the circuit court, constituted no defense to the action, and that Lien, having paid the judgment of the bank against Sundback and the others, was presumptively entitled to the securities pledged with the said note given by said Sundback to the bank. It is further contended on the part of the respondents that one of the essentials in the bill of interpleader is that the party is able and willing to bring into court the property respecting which the parties are required to interplead, and that in the present action it affirmatively appears that the plaintiff, by depositing said securities with said Crisp, and which securities have been taken from his possession by Joe Kirby, in an action in claim and delivery, has put it out of its power to bring the property into court, or to hold it subject to the order of the court, and for that reason the action cannot be sus-

tained. The plaintiff, however, contends that the judgment in the action of the bank against Sundback does not constitute a binding adjudication that Sundback was principal and the other parties named were sureties upon the note upon which judgment was obtained. It further contends that the order sustaining the demurrer of the plaintiff to the answer of the defendant in the action of Lien against the bank for the conversion of the securities, affirmed by this court, does not constitute a final judgment between the parties that can be pleaded as such in this action. The plaintiff further contends that in depositing the securities with Crisp as clerk of the court they were in *custodia legis,* and therefore it was not necessary for the plaintiff in this action to bring the same into court, as they were in fact in possession of the court. The plaintiff therefore contends that, having shown that it had property in its possession which was claimed by Lien by virtue of the payment of the judgment against Sundback and the others in favor of the bank, and also claimed by Kirby by virtue of his original ownership of the securities, the case was a proper one for an interpleader as between Lien, Crisp, and Kirby, to determine as between themselves who was entitled to the possession of said securities. It is quite apparent from the conclusions of law stated by the learned circuit court that it took the view of the case contended for by the respondents, for its third conclusion is as follows: "That upon the payment of the judgment against Sundback as principal, and the other parties named as sureties, by the defendant Lien, the said Lien was entitled to the possession of said note and mortgage and bank stock." It also concludes that the deposit by the bank of said note, mortgage and bank stock with the defendant Crisp was a voluntary deposit by the plaintiff, and was not a deposit of the same with the defendant Crisp as clerk of the court, in accordance with the provisions of chapter 65 of the laws of 1895.

The first question we deem it necessary to consider is as to whether or not the order sustaining the demurrer to the fifth paragraph of the answer in the case of Lien against the bank is *res adjudicata* as between the bank and Lien in this action. As before stated, in the action by Lien against the bank in conversion the bank set up in the fifth paragraph of its answer that Kirby claimed the collaterals, and that the bank had deposited them with the clerk of the court, as provided by chapter 65 of the laws of 1895. The court below sustained the demurrer to that defense, and on appeal to this court the order of the circuit court was affirmed; but that action has not yet been concluded, and no final judgment has been entered therein. We are unable to see, therefore, upon what principle the decision in that action upon the demurrer can be held to be conclusive upon the plaintiff in the case at bar. It is undoubtedly true that a final judgment rendered upon a demurrer to the complaint or answer would constitute a bar in any subsequent suit in which the same facts should be attempted to be litigated between the same parties; but, as we have before stated, the case of which we have been speaking has not been determined, and no final judgment rendered, and, for aught of anything that appears in the record, the pleadings may have been amended and different issues presented for adjudication. the decision on the demurrer in the court below, affirmed by this court, constitutes the law of that case, but does not conclude the parties in another and different action.

It is further contended on the part of the appellant that, if the property was the property of the defendant Kirby, he was the real pledgor, and the transaction, as between the bank, Sundback, Lien, and the others, was in fact a pledging of the property of Kirby to secure the joint debt of all the makers of the note, and his property so pledged stood in the position of a surety for all the mak-

ers of the note; and hence, if such was the fact, Lien was not entitled to the securities as a matter of law.   But, in the view we take of the case, it will not be necessary to determine that question in this action.   It is enough for the purposes of this suit in interpleader for the court to be advised of the fact that such is Kirby's claim, and hence that the bank could not, with safety, after this claim and demand of Kirby, surrender up the collaterals to Lien until the respective rights of the paries were determined; and it is for the purpose of having that question determined that it now seeks to have Lien and Kirby required to interplead, and have the question determined as between them.

This brings us to the last and most important question in the case.   As has been before stated, the bank, after the demand made upon it by Lien for the collaterals, and the demand of Kirby for the same, placed them in the hands of Crisp as clerk of courts of Minnehaha county.   The bank cannot, therefore, bring the collaterals into court, as is required in an action of interpleader; but the bank contends that the collaterals are in fact in *custodia legis,* and therefore under the control of the court, notwithstanding Kirby has, by his suit in claim and delivery, taken the collaterals from Crisp and disposed of them by collecting the sum due upon the note and mortgage and selling the bank stock.   It is therefore contended by the bank that the bond given by Kirby in the suit in claim and delivery is not only security for these collaterals, but that, in case the court decides that Kirby was not entitled to the same, the collaterals can be brought into court under its process, in whosoever's hands the same may be found, and that the party paying the note and mortgage paid the same *pendente lite,* and can be required to pay the sum into court.   We do not deem it necessary in this decision to go further than to hold that the securities, in contemplation of law,

may be regarded as in the custody of the court. It is true this court held in the conversion suit of Lien against the bank that the bank was not authorized, under the provisions of chapter 65, of the laws of 1895, to place the collaterals in the custody of the clerk of the court; but, as a matter of fact, it did so turn them over to the clerk of the circuit court, and that court and Kirby have apparently recognized the fact that the collaterals were in the custody of the court, as Kirby made application to the court for leave to commence his action in claim and delivery, and the court granted such leave. But, assuming that the collaterals were not deposited with Crisp as clerk of the court, then he held them as the agent or trustee of the bank, and the action in claim and delivery against him is, in legal effect, an action against the bank. It seems to us, therefore, that the status of the collaterals is practically the same as it would have been if Kirby had commenced his action immediately upon the payment of the judgment by Lien. Certainly, in such a case the bank would have had the right to file its bill of interpleader between Lien and Kirby, and could have maintained the same by showing that the collaterals had been taken by Kirby under his action in claim and delivery, and were therefore in the custody of the court. Hagan v. Lucas, 10 Pet. 404, 9 L. Ed. 470; Bank v. Dunn, 97 N. Y. 149. A bill of interpleader "is defined to be a bill exhibited when two or more persons claim the same debt or duty from the complainant by different or separate interests, and he, not knowing to which of the complainants he ought of right to pay or render it, fears that he may be damaged by the defendants (as by paying his money to a wrong hand), and therefore exhibits his bill of interpleader against them, praying that the court may judge between them to whom the thing belongs, and that he may be indemnified. It claims no right in opposition to those claimed by the persons

against whom the bill is exhibited, but only prays the decree of the court to decide between the rights of those persons for the safety of the complaint. * * * The nature of the allegations, therefore, in every bill of interpleader, are: (1) That two or more persons have preferred a claim against the complainant; (2) that they claim the same thing; (3) that the complainant has no beneficial interest in the thing claimed; and (4) that he cannot determine, without hazard to himself, to which of the defendants the thing of right belongs. * * * And he must bring the money or thing claimed into court, so that he cannot be benefitted by the delay of payment which may result from the filing of his bill." Atkinson v. Manks, 1 Cow. 691; Crane v. McDonald, 118 N. Y. 648, 23 N. E. 991. While, undoubtedly, the rule is, as stated, that a party in his bill of interpleader must state his readiness and willingness to bring the property into court which is claimed by the respective parties, yet from the very nature of the case there must be circumstances which will constitute an exception to the rule so far as the party is required to actually bring the securities into court; and we are of the opinion that the facts connected with this case constitute such an exception to the rule, and that the collaterals in this case are within the control of the court.

It is asserted on the part of the bank that the fact that the securities have not been brought into court has not been pleaded by either Lien or Kirby, and hence that no notice of the failure to bring the securities into court can be taken in this case, but we prefer to base our decision upon the broader ground that the securities are, in contemplation of law, in court, and that the court should proceed and require Lien and Kirby to interplead, and adjudicate the rights of the respective parties to these collaterals. The contention of the respondents in this case would lead to the result that Lien

might recover the value of the securities in his action of conversion against the bank, and Kirby might recover the securities in his action in claim and delivery. Indeed, the respondents' counsel seems to concede that this result might be possible. A court of equity, however, when properly appealed to, will not permit such an injustice to be done, and will require the parties to interplead, and have their rights determined in such manner that the bank will be relieved from such a peril. While this court held, in sustaining the demurrer to the fifth paragraph of the bank's answer in Lien v. Bank, that the fact that it had deposited the securities with Crisp was no defense to the action, as the class of cases of which this case constitutes one was not included within the provisions of chapter 65 of the Laws of 1895, and that, presumptively, under the provisions of the statute, Lien was entitled to be subrogated in the place of the bank to the securities, yet it did not hold, nor did it intend to hold, that Lien would be entitled to the securities as against the true owner, if the facts were such as to show that he was not so entitled to them. In other words, the majority of the court took the view that the class of cases to which this transaction belongs was governed by a special statute, and it could not have been the intention of the legislature that such cases should be included in the class of cases provided for by the act of 1895. If, therefore, on the trial of an action between Lien and Kirby, Kirby can show that he was entitled to the securities by virtue of any contract or agreement which was binding upon Lien, he might be entitled to recover the securities, notwithstanding the provisions of sections 4308 and 4309, Comp. Laws, which sections substantially embody the rule long followed by courts of equity. The case is therefore a proper one for an interpleader.

The claim on the part of the respondents that the bank was

guilty of laches in not sooner instituting this action is not tenable in view of all the circumstances surrounding the transaction. The bank cannot be charged with unreasonable delay in view of the fact that under the advice of counsel it acted upon the theory that the case came within the provisions of the law of 1895, as there was reasonable ground for such belief, as is evidenced by the fact that one of the judges of this court dissented from the views expressed by the majority of the court. The bank seems to have acted in perfect good faith as between the parties, and upon the decision of that case it proceeded to bring this action, and it should not, therefore, suffer by reason of this excusable delay. We are of the opinion that under the facts disclosed by this record a clear case is made for the interposition of a court of equity to compel Kirby and Lien to interplead, and adjudicate their respective rights in regard to these securities. The judgment of the circuit court is therefore reversed, and its conclusions of law modified to conform to the views herein expressed, and that court is instructed to enjoin all further proceedings on the part of Lien and Kirby until in some proceeeding between Lien and Kirby the rights of those parties are fully determined, and that it require Crisp, as clerk of the court, to hold the bond or undertaking given by Kirby in his action in claim and delivery, and that it direct that such proceedings be instituted immediately for the determination of those rights in such manner as it may deem proper, and in accordance with the practice in such cases.