PARK *et al.* v. ROBINSON *et al.*

1. An acknowledgement of receipt of a copy of chattel mortgage, indorsed on the mortgage below the mortgagor's signature, is not a sufficient compliance with the Laws, 1897, Chap. 95, § 2, making a chattel mortgage void unless it appears upon the mortgage instrument, over the mortgagor's signature, that he received a true copy of such instrument.

2. Subsequent mortgages and attaching creditors may attack a chattel mortgage for noncompliance with Laws 1897, Chap. 95, § 2, providing that a chattel mortgage shall be void unless it appears upon the mortgage instrument, over the signature of the mortgagor, that he received a copy thereof.

3. Where, in an action of claim and delivery, an affidavit offered as to the value of the property offered in evidence by plaintiff was admitted without objection, and defendant offered no evidence to contradict it, plaintiff was precluded from showing that the property was of a less value than that specified in such affidavit, though defendants had in their pleadings denied such valuation, and alleged a different one.

4. An objection that a mortgage instrument offered in evidence was incompetent, immaterial, and irrelevant, and that it had no reference to the property in controversy, is insufficient to raise any question as to its execution.

5. Under Comp. Laws, § 4309, providing that a surety is entitled to the benefit of every security held by the creditor or a co-surety, where the maker of a collateral security note given to further secure the

payment of another's note, already secured by a mortgage, pays the collateral note, and takes an assignment of the original note and the mortgage, such note and mortgage may be enforced by such assignee.

6. Where plaintiff in an action of claim and delivery disposes of the property prior to the trial, defendant, if he prevails in the action, is entitled to a money judgment for the value of his interest in or claim against the property to the extent of the value thereof as shown by the evidence.

|Opinion filed April 1, 1902.)

Appeal from circuit court, Grant county. HON. A. W. CAMPBELL, Judge.

Action by H. A. Park and another against W. E. Robinson and others. From a judgment in favor of defendants, plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*George W. Case,* for appellants.

*Geo. S. Rix* and *Gamble & Fuller,* for respondents.

*Thomas L. Bouck,* attorney for intervener

CORSON, J. This is an action in claim and delivery, in which the plaintiffs obtained the possession of a certain stock of goods under and by virtue of a chattel mortgage alleged to have been executed to them in June, 1899, by Nels E. Nelson and L. N. Seime, who were then the owners of the same. Findings and judgment were rendered in favor of the defendants, and the plaintiffs appeal.

The stock of goods in controversy had been taken possession of by the sheriff of Grant county, as the agent of the plaintiffs, for the purpose of foreclosing the same. The defendants Cownie and Herman and Carrie Shultz, by defendant Robinson, coroner of Grant county, took the same from the possession of the sheriff under attachment proceedings, and the plaintiffs brought this action to regain possession of the same. On the trial Nels Seime inter-

vened and claimed the property as mortgagee under a mortgage executed by L. N. Seime. The court, in its findings of fact, finds, among others: "(7) That said Park & Grant converted said goods and took them into their possession from the sheriff as aforesaid by virtue of a mortgage dated on the 7th day of June, 1899, given by said L. N. Seime and N. E. Nelson, purporting to cover a portion of the goods so taken by the sheriff, and this action is founded upon said mortgage, and the only claim the plaintiffs make to said goods is by reason of said mortgage. (8) That said pretended mortgage to said Park & Grant did not have upon the face of it, over the signature of the mortgagors named there, or at all, any acknowledgment that a true copy of said mortgage had been delivered to and received by said mortgagors, or either of them, at the time of the making and delivery of said mortgage or at all, or that said mortgagee did prepare and deliver for said mortgagors a full, true, and perfect and complete copy of said mortgage, without additional costs, or at all. (9) That the value of the goods so taken by plaintiffs in this action was the sum of five hundred dollars ($500), and a return thereof was duly demanded of said plaintiffs by Nels Seime, the intervener herein, before he became a party to this action, which demand was by said plaintiffs refused, and said goods by them retained, and on the 21st day of September, 1899, by order of this court, Nels Seime, the intervener, was duly made a party to this action. (10) That said note given by said L. N. Seime to said First State Bank is long past due and wholly unpaid, and the mortgage securing the same is in full force and unsatisfied, and there is due on said note the sum of three hundred dollars ($300), with interest thereon at the rate of twelve per cent per annum from the 28th day of April, 1899. (11) That the goods so taken by the plaintiffs were the same goods owned by Nels Seime at the time

of the delivery of said mortgage to the First State Bank, and covered by the mortgage of said First State Bank. * * * (13) That the goods described in the complaint, and taken by the sheriff from the defendant W. E. Robinson, 'were by said sheriff turned over to the plaintiffs, and by them sold and disposed of, and a return thereof cannot be had." The court further finds that, at the time the said goods were taken from the defendant Robinson, he was coroner of Grant county, and he took as such coroner of said Grant county; that thereafter judgments were recovered in the actions, and are in all respects valid and regular, and are judgments in the same actions wherein the attachments were issued, under and by virtue of which said coroner was holding said goods at the time they were taken by the sheriff in the action for said Park & Grant. The court concludes as matter of law: "(1) That the mortgage of the plaintiffs in this action is void for the reason that upon the face of said mortgage it does not appear over the signature of said L. N. Seime and N. E. Nelson, or at all, that a true copy of said mortgage was delivered to and received by said mortgagors, or either of them, at the time of the making and delivery of said mortgage, or at all, or that said mortgagee did prepare and deliver to said mortgagors a full, true, perfect, and complete copy of said mortgage, without additional costs, or at all, and that said plaintiffs have no right or title to said goods, or any part thereof, or to the possession thereof, by virtue of said mortgage, or otherwise. (2) That the mortgage held by Nelse Seime, the intervener herein, is now, and was at the time of the seizure of the said goods by plaintiffs, a valid and subsisting lien against the same, and against the whole thereof, and that said intervener is entitled to recover the sum of three hundred dollars ($300), with interest thereon at 12 per cent per annum form the 28th day of April, 1899, and his costs and disbursements. (3) That

the defendant W. E. Robinson, as coroner, and J. H. Cownie Glove Company, have a claim and lien against the property described in the complaint for the sum of $140.91, and with interest thereon from July 1, 1899, and are entitled to recover of said plaintiffs the sum of $140.91, with interest from July 1, 1899, besides the costs and disbursements of this action. (4) That the goods claimed by the plaintiffs in their complaint at the time of the seizure thereof in this action by the sheriff were in the custody of the coroner and in the custody of the law, and such seizure was wrongful and unlawful and unauthorized by law."

It is contended on the part of the plaintiffs that the court erred in its eighth finding of fact, in which it finds that the Park & Grant mortgage did not show on the face thereof, over the signatures of the mortgagors, any acknowledgment of receipt that a true copy of said mortgage had been delivered to and received by said mortgagors, or either of them. We cannot agree with counsel in this contention. The copy of the chattel mortgage given in evidence purports to have been signed by Nels E. Nelson and L. N. Seime, and below their signatures appears the following: "Received of Park & Grant a true and exact copy of the mortgage this 7th day of June, 1899." This does not purport to be signed by any one. Section 2, Chap. 95, Laws 1897, provides "that every chattel mortgage shall be void unless it appears upon the mortgage instrument, over the signature of the mortgagor, that a true copy of the same has been delivered to and received by the mortgagor, as in section 1 of this act provided." As we have seen the purported receipt upon the chattel mortgage does not appear over the signatures of the mortgagors, or either of them; hence the purported acknowledgment does not come within the provisions of this section. The finding of the court is therefore sustained by the evidence.

It is further contended on the part of the plaintiffs that no one can take advantage of a failure to comply with the provisions of this · section except the mortgagor, and that as to the subsequent mortgagees and attaching creditors the mortgage is valid. But this contention is untenable. It will be noticed that the language of the section is "Every chattel mortgage shall be void," unless, etc. No exception is made of subsequent mortgagees or attaching creditors, and this court has no authority to interpolate into the statute exceptions not found therein. The language of the statute being mandatory, it is the duty of the court to enforce it, and hence the findings and conclusions of the court that the plaintiffs' mortgage was void, and conferred upon them no rights, was clearly correct. As it appears from the findings, and is not questioned on this appeal, that the plaintiffs' action was based solely upon the purported chattel mortgage, plaintiffs were not entitled to recover in this action.

On the trial the plaintiffs introduced in evidence the original affidavit, requisition, and undertaking in claim and delivery, and also the amended affidavit and requisition thereon, all of which were received in evidence without objection. In the amended affidavit appears the following statement: "that the actual value of the aforesaid property, to the best of affiant's knowledge and belief, is five hundred dollars ($500)." The plaintiffs sought to contradict this statement by showing that the property was of less value than $500. The court excluded this evidence on the ground that, as plaintiffs had alleged the value of the property in their affidavit to be $500, they were precluded from showing that the property was of any less value. The plaintiffs contend that the court erred in this ruling, but this contention is untenable. As the plaintiffs had fixed the value of the property in their affidavit, they were precluded from showing any different value on the trial. In Wey-

·erhaeuser v. Foster, 60 Minn. 223, 61 N. W. 1129, the supreme court of Minnesota says: "The statement as to the value of the property, made in the bond and affidavit at a time when plaintiff is seeking to obtain possession, must be regarded as estopping him from asserting a different value. After fixing it at such a time, plaintiff should not be heard to complain of the value so fixed by him, save in exceptional cases. Wells, Repl. §§ 569, 660, and cases cited. The presumption is that the defendant relies and acts on the statement as to value in subsequent proceedings. * * * As remarked by Mr. Wells, the enforcement of the rule is calculated to promote a fair and reasonable estimate of the value in the bond and affidavit by the party seeking to obtain possession." The same doctrine is laid down in Butts v. Woods, 4 .N. M. 343, 16 Pac. 617. It is true in the case at bar the defendants had denied the allegation as to the value of the property, and the intervener had alleged that the value of the property was $900, but no evidence was offered by them upon the question of value, and they seem to have accepted the valuation as fixed by the plaintiffs in their affidavit. We are of the opinion, therefore, that the ruling of the court in denying to the plaintiffs the right to show that the property was of less value was correct.

It is further contended on the part of the plaintiffs that the court erred in admitting in evidence the mortgage of the intervener without proof of its execution, but this objection is clearly untenable, for the reason that no objection was made to its introduction upon that ground. The only objections appearing to have been made were that the same was incompetent, immaterial, and irrelevant, and for the the further reason that it could have had no reference to the disposition of the goods in controversy, as it appears that the filing of the intervener's mortgage was made subsequent to the filing of

the plaintiffs' mortgage. Neither of these objections extended to proof of the execution of the same. Had the proper objection been made, undoubtedly the intervener would have supplied the proof of execution of the mortgage, as one of the witnesses to the same seems to have been a witness at the trial. Agricultural Works v. Young, 6 S. D. 557, 62 N. W. 432; Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426.

It is further contended on the part of the plaintiffs that the note and mortgage under which the intervener claimed the property had been paid, but it will be noticed that the court found otherwise, and we are of the opinion that the finding is fully sustained by the evidence. L. N. Seime executed the note and mortgage to the bank for $300. The bank not being satisfied with the security, the intervener executed another note to the bank as collateral security. This latter note the intervener paid, and thereupon the bank transferred to him the original note and mortgage. Clearly, this was not a satisfaction of the original note and mortgage. The intervener, after paying his own note given as collateral security to the note of L. N. Seime, was entitled to the original note and mortgage executed by him; and upon the transfer of the same to the intervener by the bank he became the owner thereof, and was entitled to enforce the collection of the same. Section 4309 Comp. Laws; Lien v. Bank, 12 S .D. 317, 81 N. W. 628.

The court having found that the property taken into his possession by the sheriff under the claim and delivery proceedings had been delivered to the plaintiffs and disposed of by them prior to the trial, properly entered judgment in favor of the attaching creditors and the intervener against the plaintiffs for the amount due them on their respective claims, to the extent of $500, fixed as the value of the property by the plaintiffs in their affidavits.

Finding no error in the record, the judgment of the court and its order denying a new trial are affirmed.

FULLER, J., not sitting in this case, and taking no part in the decision.