## SMITH vs. WINSTON.

1. In an action of replevin, a plea of justification alleging that the defendant, as constable, seized the property by virtue of an execution, where the party in possession of the property was not the defendant in the execution, must aver that the property was the property of the defendant in the execution.

2. If a plaintiff in an action of replevin take a non suit, the defendant is entitled to the same judgment and damages as if he had recovered a verdict against the plaintiff.

## ERROR to Buchanan Circuit Court.

JONES & EDWARDS, *for Plaintiff, insist:*

1st. That Winston having failed to prosecute his suit with effect and without delay, the Court or jury ought to have assessed the value of the property taken, and damages for the use of the same. Rev. Stat. Mo. 922, §8.

2nd. That the judgment in this case ought to have been against Winston and his securities, that he return the property taken or pay the value assessed at the election of Smith, &c. Rev. Statute Mo. 922, §9.

3rd. That a judgment, though pronounced by the Judge, is the sentence of the law, and if the Judge pronounce a wrong judgment, i. e. one not warranted by the law arising upon a certain state of facts judicially made known to the Court, either by the admission of parties in their pleading, or found by a jury, it is error. See Blackstone's Com. vol. 3, p. 396.

*Smith vs. Winston.*

4th. That there is no such thing in law as a non suit in an action of replevin, and that if Smith even had consented to the non suit, it could not effect his rights in this case, and that the statement in the record of the non suit must be rejected as surplusage.

5th. That the Court below erred in overruling the several motions of Smith, and in refusing to assess the value of the property, &c.

WILSON & REES, *for Defendant, insist:*

1st. That inasmuch as the non suit was taken without objection, and when the Court afterwards was about to set it aside, voluntarily both parties insisted that it should stand, it is to be taken as done by consent of parties.

2nd. The Circuit Court, if it had set aside the non suit, could not have given judgment for the defendant below on the demurrer as asked in said motion of said plaintiff in error. See Thompson vs. Button, 14 J. R. 83. Durham vs. Wyckoff, 3 Wend. R. 280. Where trespass *de bonis asportatis* lies, so will replevin. 7 J. R. 142. See Gibson vs. Mozier, 9 Mo. Reps. 256.

3rd. There is no motion made in the Court below in arrest of judgment, without which, errors in the record here cannot be taken advantage of.

NAPTON, J., *delivered the opinion of the Court.*

Winston filed a declaration in replevin against Smith, the plaintiff in error, to recover possession of a negro woman named Susan, and having made the affidavit required by our statute, and given the requisite bond, was put in possession of the slave. The defendant pleaded not guilty, and specially, that he was a constable of Washington township, in Buchanan County, and by virtue of an execution against one Ewell, duly issued, and to him directed, he levied the same upon the said slave, and detained her by virtue of said execution, &c. To this special plea the plaintiff demurred, but the demurrer being overruled, the plaintiff took a non suit, with leave to move to set it aside. The Court thereupon entered a judgment, that the defendant go hence without day, and that the plaintiff recover his costs, &c.

Afterwards the defendant moved to set aside the non suit, and enter up judgment on the demurrer, and have the value of the property assessed. The defendant also filed two other motions very much the same in substance, that the Court assess the value of the property and the damages for the use of the same, or that the same be assessed by a jury. These motions were all overruled. The defendant took his bill of exceptions and brought the case here by writ of error.

I. The first question presented by the record is the propriety of the special plea, which the Circuit Court held good on demurrer. We think the plea a bad one. The second section of the act regulating the action

of replevin, (Rev. Code, 1845, page —,) applies only to cases where the plaintiff in replevin is the defendant in the execution. Gardner vs. Campbell, 15 J. R. 401. If an officer having an execution against A., undertakes to execute it upon goods belonging to B., he assumes the responsibility of showing that such goods are the property of A. Here the plea is that by virtue of an execution against a stranger, the defendant being the officer to whom the writ of execution was directed, levied it upon the slave in question. The plea seems to admit that the property levied on was found in the possession of the plaintiff in replevin, and it does not aver that the property belonged to the defendant in the execution. The plea is therefore bad, according to Thompson vs. Button, 14 Johns. Reps. 87.

II. It has been determined in England, in an action on a replevin bond, with condition to prosecute with effect, that a non suit or discontinuance is a breach of the condition. Bac. Abr. Replevin, D. Ewellin vs. Holbrook, 1 B. & C. 410. Our statute (§8) provides, that if the plaintiff fail to prosecute his suit with effect and without delay, the Court or jury shall assess the value of the property taken, and the damages for the use of the same, from the time of issuing the writ until return made. It is further provided, that the judgment in such cases shall be against the plaintiff and his sureties, that he return the property taken or pay the value so assessed at the election of the defendant, and pay double damages for the detention of the property, and also the costs of suit. By the common law, the judgment in case of a non suit was different from a judgment upon the merits, or upon demurrer or confession, and to remedy this inconvenience, the statute of 13 Edw. 1 C. 2, was enacted, which, however, was construed to apply only to cases where the cause was removed into the Superior Court, and the plaintiff was non suited there. 2 Whea. Selwy. 925. The statute of 17 Car. 2 C. 7, more fully provided the modes of proceeding in all cases of distress for rent in arrear. It would seem that by the common law, in case of a non suit, except in cases where it was reached by the two statutes just referred to, the judgment would be merely for a return of the property, and not as in other cases for a return of the distress irreplevisable. Under the provisions of our statute, however, it is plain that the judgment would be alike in all cases where the plaintiff fails to prosecute his suit with effect, and as a non suit is clearly one of those cases, the defendant is entitled to the judgment specifically pointed out by the act.

In this case, as the non suit was obviously occasioned by the judgment

of the Court upon the defendant's special plea, the judgment of the Circuit Court will be reversed, and the cause remanded.