J. M. SPENCER v. JONATHAN BELL et al.

*Claim and Delivery—Affidavit by Agent—Objections to Under-*
*taking—Waiver—Weight Attached to Evidence—Justice's*
*Jurisdiction—Judgment on Facts not Passed Upon.*

1. In claim and delivery of personal property, an affidavit made by plaintiff " per " another, is sufficient.  *The Code*, § 322.

2. The objection that what purports to be the undertaking of the plaintiff, in such action, was not properly executed, comes too late, when made at the trial term.  *The Code*, § 325.

3. Where, on the trial of an action for the recovery of personal property, commenced before a Justice of the Peace, the only witness testifying to the value of the property said it was worth fifty-five dollars, the defendant is entitled to an instruction that, if his evidence is believed, the jury will find the value of the property to be fifty-five dollars, and that the plaintiff cannot recover, the action having been instituted before a Justice of the Peace.

4. It is error to give a judgment predicated upon disputed facts not found by the jury.

This was an Action of claim and delivery to recover " one certain lot of corn, in the barn on the Bell farm," of the alleged value of forty-five dollars, originally commenced before a Justice of the Peace, in the county of Beaufort, and carried by appeal to the Superior Court of that county, and tried before *Bryan, J.*, at the February, Term, 1891.

The affidavit required in the application for the delivery of the possession of the corn is signed as follows: " J. M. Spencer, per D. M. Spencer.   Sworn before me, this first day of February, 1889.   W. D. Saddler, J. P."

In the transcript of the Justice of the Peace it is stated "the plaintiff appeared by his agent, D. M. Spencer."

There is what purports to be an undertaking of the plaintiff for delivery of property as required by § 324 of *The Code*, with two sureties, but it is not signed by either the plaintiff or the sureties, but there is a justification, signed

by each surety, in which he makes oath that he "is worth over and above his liabilities and his property exempted by law the sum of $ _____."

In the Superior Court, before the trial, defendants moved to dismiss the claim and delivery proceedings upon the following grounds: Because the affidavit purported to have been made by plaintiff J. M. Spencer, "per D. M. Spencer." Second. Because the plaintiff gave no bond before the issuing of the order to seize the property as required by law. Motion denied, and defendants excepted.

The plaintiff moved, and the Court granted him leave, to amend his summons so as to demand therein a certain lot of corn, of the value of forty-five dollars, for advances. On the trial, plaintiff claimed the possession of a certain lot of corn cultivated by and in the possession of defendant Bell, by reason of certain advances made to him by plaintiff as landlord. Defendant Bishop claimed the corn in controversy as mortgagee of Bell. The issues hereinafter recited were framed by the Judge without objection by defendants. Defendant Bell denied that plaintiff was his landlord, or made any advances to him for the year 1888, in which year the corn was cultivated.

The plaintiff testified: "I rented the land to Bell in 1888, the year in which the corn was cultivated. Defendant Bell gave me a mortgage, in 1887, upon his crop of 1888, which mortgage was not paid in full; in the first part of 1888 defendant Bell told me he could not pay the mortgage of 1887 and have enough to farm on in 1888. Defendant Bishop had a second mortgage on his crop of 1887. Defendant Bell told me if both Bishop and myself closed down on him and took his corn he could not farm that year, but if we did not he could do so. I told him, as far as I was concerned, I would advance balance he owed me on next crop if defendant Bishop would agree not to shove him and take

what he had.    Afterwards we saw Bishop, and he agreed to indulge his mortgage also."

Plaintiff claimed balance due upon this mortgage as advances to cultivate the crop of 1888, which balance was admitted to be $17 74 by the plaintiff.    Plaintiff further claimed as advances certain sacks sold to defendant Bell, valued at $2.22, and also the use of a cart, valued at $1; all other claims of the plaintiff were abandoned.

The defendants denied all the above testimony.

The evidence as to the value of the corn in controversy was that of defendant Bell, who testified that it was worth $55, and of defendant Bishop, who testified: "I got the money for the corn; I got $50 out of the corn; I do not know how much there was."

The defendants reques'ed the Judge to charge the jury, "that if the jury believed the testimony of defendant Bell, they will find the value of the property to be $55, and answer the second issue accordingly."    Refused.    Defendants excepted.

The jury responded to the issues as follows:

1st. Is the plaintiff the owner and entitled to the possession of the corn mentioned in the affidavit?    Answer. Yes.

2d. What is the value of the said corn?    Answer. Fifty dollars.

The defendants moved for a new trial, and assigned the following grounds of error:

1. For that the Court refused to dismiss the claim and delivery proceedings as hereinbefore set forth.

2. For that the Court refused to instruct the jury as prayed by defendants.

3. For that the issues were not complete, and no judgment could be rendered thereon, in that the plaintiff claimed a lien upon the crop in controversy by reason of advances as landlord, and the amount of indebtedness due by defendant Bell to plaintiff for such advances was not ascertained.

No counsel for plaintiff.

*Messrs. J. H. Small* and *C. F. Warren*, for defendant.

DAVIS, J : The first exception is to the refusal of his Honor to dismiss the claim and delivery proceeding, because the affidavit, purported to have been made by the plaintiff J. M. Spencer, per D. M. Spencer.

*The Code*, § 322, provides that the requisite affidavit shall be made "by the plaintiff or some one in his behalf." The essential requisite is, that an affidavit shall be made by the plaintiff or some one on his behalf, that the facts on which the application is based are true, and while the affidavit should have been signed by D. M. Spencer, agent for or on behalf of J. M. Spencer, it sufficiently appears that the affidavit was made for the plaintiff, and the exception cannot be sustained.

The second exception is to the refusal to dismiss because the plaintiff gave no bond.

There was what purported to be an undertaking, with two sureties, and if the defendants excepted to its sufficiency, they should, within three days after the service of a copy of the affidavit and undertaking, have proceeded as required by *The Code*, § 325, or they shall be deemed to have waived all objection to the sufficiency of the sureties. We think the objection, on account of the insufficiency of the bond and surety, came too late, and this exception cannot be sustained.

The next exception is to the refusal of the Court to instruct the jury, as requested, that if they believed the testimony of the witness Bell, they will find the value of the property to be $55, and answer the second issue accordingly. Bell was the only witness who testified as to the value of the property, and he said it was worth $55. It is true, the witness Bishop testified that he "got $50 out of the corn," but he said he did not know how much corn there was, and did not testify as to its value, nor does it appear that he got all of the corn. The

only evidence as to the value of the property was that of the witness Bell, who said it was worth $55, and the defendants were entitled to the instruction asked, and there was error in refusing it.

The last exception is to the judgment. The Court adjudged " that the plaintiff recover of the defendants the sum of $50, the value of the said corn, to be discharged upon the payment by the defendants to the plaintiff the sum of $20.86, with interest thereon," etc. There were no findings of fact upon which such a judgment could be rendered. It is true, the plaintiff claimed a balance of $17.74 on advances to cultivate the crop of 1888, and he also claimed the value of some sacks, and the use of a cart, amounting to $3.22, which, added to the $17.74, would make $20.96 ; but this was denied by the defendants, and it was not within the province of his Honor to say how the fact was; only a jury could decide and say how the fact was. Besides, the action was to recover the possession of a certain lot of corn alleged to have been worth $45, and upon no state of facts, even if it had been found by the jury that the defendants were indebted to the plaintiff in the sum of $20.86, as assumed by his Honor, would the plaintiff have been entitled to the judgment as rendered. Section 431 of *The Code* prescribes, clearly and distinctly, the manner in which judgment in an action for the recovery of personal property shall be rendered. *Horton* v. *Horne*, 99 N. C., 219; *Taylor* v. *Hodges*, 105 N. C., 344, and cases cited.

Error.