CHARLES W. JOHNSON, *Plaintiff in Error,* v. CLUTTER MUSIC HOUSE, A CORPORATION, *Defendant in Error.*

1. The action of replevin is not brought for the purpose of recovering the amount which might be found to be due from the defendant to the plaintiff on account, but to recover the property in dispute.

25

2. In an action of replevin, where the goods have been re-delivered to the defendant upon his forthcoming bond, a verdict in the following form, "we the jury find a verdict in favor of the plaintiff in the sum of one hundred and twenty-six dollars and seventy cents" is fatally defective and is insufficient to support a judgment entered thereon.

3. The language of paragraph 2 of section 2188 of the General Statutes of 1906 relating to the judgment in an action of replevin, where the goods have been re-delivered to the defendant upon his forthcoming bond, is mandatory, and a judgment is fatally defective which is not entered in substantial compliance with its requirements.

This case was decided by Division A.

Wrtit of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Jones & Pasco,* for plaintiff in error;

No appearance for defendant in error.

SHACKLEFORD, C. J.—This is an action of replevin instituted by the defendant in error against the plaintiff in error, in the circuit court for Escambia county, to recover the possession of a piano, alleged to be of the value of $385.00. There was a plea of not guilty. The property was re-delivered to the defendant upon his forthcoming bond. A trial was had before a jury, which resulted in the following verdict: "We the jury find a verdict in favor of the plaintiff in the sum of one hundred and twenty-six dollars and seventy cents ($126.70), T. N. Adams, foreman." Upon this verdict the following judgment was entered: "It is therefore considered by

the court that the said plaintiff do have and recover of and from the said defendant, as principal, and Wm. Ray and Wm. Camp, as sureties upon the forthcoming bond of said defendant, the aforesaid sum of one hundred and twenty-six and .70-100 dollars, together with his cost herein expended and now here taxed at $——— and that said plaintiff do have execution therefor to be levied of the goods, chattels, lands and tenements of the said defendant, and the said sureties of the forthcoming bond and to said plaintiff's delivered."

A writ of error to this judgment was sued out, returnable to the 2nd day of January, 1908. Seven errors are assigned, but in view of the conclusion which we have reached it becomes unnecessary to discuss them in detail.

We find from the evidence that the defendant had purchased a piano on the installment plan from John M. Clutter for the sum of $385.00 and had executed a contract by which he agreed to pay $10 cash and $10 per month until the full amount of the purchase price was paid, with interest from maturity at the rate of eight per cent. per annum. It was also stipulated in the contract that the title was to remain in the seller until the full amount of the purchase money had been paid. There is no occasion to set out the other features of the evidence.

The defendant filed both a motion for a new trial and a motion in arrest of judgment, each of which was over-ruled and exceptions duly taken to the rulings, and these rulings form the bases for two of the assignments.

Paragraph 2 of section 2188 of the general statutes of 1906 provides that where the goods have been re-delivered to the defendant upon his forthcoming bond, "the plaintiff shall take judgment for the property itself and against the defendant and the sureties on the forthcoming bond of the defendant for the value of the prop-

erty; such judgment to be satisfied by the recovery of the property, or of the amount adjudged against the defendant and his sureties."

Prior to the adoption of the revised statutes of 1892, chapter 3133 of the laws of 1879, found as section 17 on pages 862-3 of McClellan's Digest, governed, which provided that, where the property had been re-delivered to the defendant, the plaintiff should have his option of taking judgment either for the value of the property or the property itself. This was changed by section 1724 of the revised statutes of 1892, which was modified in part by chapter 5159 of the laws of 1903, and was brought forward into the general statutes of 1906 as section 2188. See McGriff v. Ried, 37 Fla. 51, 19 South. Rep. 339. However, even prior to the adoption of the revised statutes of 1892, judgment had to be entered either for the value of the property or the property itself. In other words, the action of replevin is not brought, like the action of assumpsit, for example, for the purpose of recovering the amount which might be found to be due from the defendant to the plaintiff on account, but to recover the property in dispute. The language of the statute, which we have copied, is mandatory, and, not having been complied with in the instant case, the verdict and judgment rendered therein are fatally defective. See Wells on Replevin (2nd ed.) sections 740, 743, 772, in fact, the entire chapter XXIV; Shinn on Replevin, sections 603, 604, 621, 623, 625; Cobbey on Replevin, sections 1061, 1062, 1078; 18 Ency. Pl. & Pr. 572, 574, 578; Spencer v. Bell, 109 N. C. 39, 13 S. E. Rep. 704. The discussion in Holliday v. McKinne, 22 Fla. 153, and Scotch Manufacturing Co. v. Carr, 53 Fla. 480, 43 South. Rep. 427 will also prove of service.

The verdict being fatally defective, no valid judgment

could have entered thereon, and for this reason the judgment must be reversed.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.