DAVIS CLARY; *Plaintiff in Error* v. J. M. ISOM, *Defendant in Error.*

EVIDENCE — IRRELEVANCY — PLEADING —CHARGES — REITERATING.

1. Where a demurrer to a plea is sustained, and the defendant again files substantially the same plea but makes it more full and explicit, and issue is joined and the trial had thereon, the propriety of the ruling on such demurrer will not be considered by the appellate court on writ of error.

2. Evidence that is not pertinent to any issue in a cause is properly excluded.

3. When an excerpt from a charge is assigned as error, if the whole charge, considered in its entirety, states the law correctly, such assignment of error cannot be sustained.

4. It is not error to refuse to reiterate a charge already given.

This case was decided by Division B.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell & Son* and *S. K. Gillis,* for plaintiff in error.

*Avery & Avery* and *W. W. Flournoy,* for defendant in error.

TAYLOR, J.—The defendant in error as plaintiff below sued the plaintiff in error as defendant below in assumpsit upon a promissory note in the Circuit Court of Walton County. The trial resulted in a verdict and judgment in favor of the plaintiff and for review of this the defendant comes here by writ of error.

To the declaration the defendant interposed a plea alleging failure of consideration for the note sued on. The plaintiff demurred to this plea which demurrer was sustained by the court, and this ruling is assigned as error. Immediately upon the sustaining of this demurrer the defendant again filed another plea alleging failure of consideration for the note sued on, only making it more full, and upon the latter plea and replication thereto the cause was tried.

Even if the first plea was not subject to the demurrer

thereto sustained by the court, no harm resulted to the defendant, since he had at the trial the full benefit of the same plea more fully stated.

The following questions were propounded by the defendant to the plaintiff on cross-examination as a witness for himself. "Wasn't he (meaning one J. J. Blount) to build the mill, buy the engine, and build two miles of road?" "Did you know under the contract what Blount was to do?" "Did you not tell Clary you could not carry out the contract after you purchased from Blount?" "Did you know that the mill was to be placed in the middle of the timber and a railroad, or tram road was to be built by Blount?" To all of which questions the plaintiff objected, the objections were sustained, and these rulings are assigned as error. There was no error here. The defendant and the J. J. Blount inquired about had been in some kind of copartnership in the sawmill business prior to any connection of the plaintiff with the defendant. The plaintiff bought Blount out and the latter moved away. Blount prior to his sale to the plaintiff had bought from Avery & Co. of Atlanta, Ga., a steam engine, boilers, sawmill and its appliances and given his notes for deferred payments aggregating $1,200 for the purchase price thereof, Avery & Co. retaining title to the engine and other machinery until said deferred payments were made. When the plaintiff bought Blount out he paid him a certain amount in cash and assumed the payment to Avery & Co. of these deferred notes given for the purchase of said machinery. Then the defendant bought out the plaintiff giving him the note sued on for the purchase of his entire interest. The plaintiff claimed that the defendant, besides giving him the note sued on, also assumed the payment of the notes given by Blount to Avery & Co. for the machinery. The defendant denied this and claimed that he knew

nothing of the amount or of any amount due Avery &
Co. on the mill and machinery, and that he gave the note
sued on thnking the plaintiff had full title to the ma-
chinery and mill, and that said note given by him to the
plaintiff was all that he had to pay.  this was the real
issue between the parties, and we fail to see what rele-
vancy to such issue there was in any former existing con-
tract between Blount and the defendant as to building of
tramways, furnishing engines, &c.

The defendant also offered in evidence the original
notes made by J. J. Blount to Avery & Co. for the engine,
sawmill and other machinery, but on objection they were
excluded by the court and this ruling is assigned as error.
There was no error here.  These notes, it appeared at
the trial, had been sued upon and had been converted into
judgment and the defendant had paid such judgment in
full.  If the contention of the defendant was correct
that he did not know of this purchase money claim due
Avery & Co. for the mill, engine, &c., at the time he
bought same from plaintiff, but understood that he was
purchasing same for the plaintiff, free of encum-
brances, he had the full benefit of all proof tending to
establish his contention, and there was no dispute as to
the fact that said notes were outstanding and that he,
the defendant, had paid the judgment to which they had
been reduced.  The sole issue was whether he, the defend-
ant, knew of their existence when he gave the note sued
on to the plaintiff and whether he then assumed their
payment.  The proffered introduction of the original
notes in evidence did not tend to establish or disestablish
this issue between the parties.

The following excerpt from the charge of the court is
assigned as error.  "The court charges you that you
cannot apportion the verdict in this case, you must find
either for the plaintiff or defendant.  The suit is upon a

note." There was no error here. The suit was upon a note for a fixed sum and the defense was a total failure of consideration. There could, therefore, be but one finding either outright for the plaintiff, or for the defendant as the charge directed.

The following excerpt from the court's charge to the jury is also assigned as error: "But if you should find from a preponderance of the testimony that the machinery was only a part of the consideration moving from the plaintiff to the defendant for the note, and that there was other valuable consideration for same moving from the plaintiff to the defendant, such as a contract, if there was any, in relation to the right to cut timber, or any good will, if any, connected with the mill and the right to operate it, any improvements, if any, that had been made in connection with putting up the mill, that were valuable and transferred as part of the consideration for the note from the plaintiff to the defendant, then, even though the lien existed, and even though the defendant had no knowledge of it, there would be no such failure of consideration as would defeat the plaintiff's right to recover on this note." We fail to discover any error in this excerpt from the charge when taken in connection with the rest of the charge of which it formed a part.

The defendant requested a charge to be given by the court, but the requested charge was refused, and such refusal is assigned as error. There was no error here. The court had already given the same charge fully in substance and there was no error in the refusal to reiterate it.

The denial of the defendant's motion for new trial is assigned as error. The only ground of the motion not already disposed of in discussing the other assignments of error, is that the verdict is contrary to the evidence, and is not supported thereby. We have carefully con-

sidered the evidence in the case and find that it amply sustains the verdict rendered.

Finding no error the judgment of the Circuit Court in said cause is hereby affirmed at the cost of the plaintiff in error.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.