MARVIN MALSBY, DOING BUSINESS AS MALSBY MACHINERY COMPANY, *et al.*, *Plaintiffs in Error*, v. J. G. GAMBLE, *Defendant in Error.*

1. The action of replevin is not brought for the purpose of re-covering the amount which might be found to be due from the defendant to the plaintiff on account, but to recover the pos-session of the property in dispute.

2. No evidence is admissible in an action which does not cor-respond with the allegations in the pleadings and tend to prove the issues.

3. It is the province and duty of the court to determine the relevancy and admissibility of evidence when the same is of-fered and objections are interposed thereto. If the relevancy of the evidence is not apparent at the time it is offered it is properly rejected, though if the party proposing it clearly

makes the purpose for which it is offered appear and promises to follow it up and connect it with other evidence, which would make it material and relevant, the trial court, being authorized to regulate the order of the introduction of evidence, may receive it conditionally, but its discretion in such a matter either in receiving or rejecting evidence will only be interfered with by an appellate court where clearly abused.

4. If proffered evidence be irrelevant at the time it is offered, it is not error to reject it because other evidence may afterwards be given in connection with which it would become relevant.

5. The mere endorsement of promissory notes which stipulate that the ownership of and the title to certain machinery therein described should remain in the payee until the notes were paid does not of itself vest the title to such machinery in the endorsee, so as to enable him to maintain an action of replevin for the same.

6. Where a written instrument, described as "an indenture of lease," is offered in evidence, "together with the endorsements thereon, and assignment thereof on the back," without any proof of such endorsement or assignment, the instrument and endorsement thereon being offered as an entirety, it is not error to sustain objections thereto and exclude such proffered evidence, even if such instrument might have been admissible if offered by itself, since such endorsement could not prove itself.

7. The mere fact that proffered evidence is not full and complete within itself but forms only one link in the chain, so that it would have to be supplemented by other evidence in order to avail the party offering it, may not render such evidence incompetent or inadmissible, but it should be clearly made to appear to the trial judge that the evidence so offered does form a material link in the chain.

8. Courts do not take judicial notice of the seals of private corporations, nor do such seals prove themselves, but where it is shown or admitted that the instrument is signed for the cor-

poration by its proper officers the presumption is that it was duly executed, which presumption includes the authenticity of the seal used in its execution.

9. Where an instrument purporting to be executed by a corporation is offered in evidence, without any proof of the genuineness of the corporate seal, and it is neither shown nor admitted that such instrument was signed for the corporation by its proper officers, objections to the introduction thereof are properly sustained. ·

10. The mere fact that an instrument has been acknowledged for record does not make it admissible as evidence, in the absence of a statute to that effect. When such instrument has not been recorded in the public records, Section 21 of Article XVI of the State Constitution has no applicability.

11. To enable a plaintiff to recover in an action of replevin it must appear from the evidence that he was entitled to the possession of the property sued for, or some of it, at the time the action was brought. Where no such right has been shown, no error is committed in excluding evidence tending to show that the defendant was in default in his payments for such property, even though, at the time such evidence was offered, the plaintiff had established the fact of the conditional sale of the property in question, the trial court being authorized to regulate the order of the introduction of evidence and no abuse of the exercise of such discretion being made to appear.

12. Although a written instrument is not essential to transfer the title to personalty, and the rule is well established that, unless its character or governing statute requires it, a corporation may contract and bind itself without the use of its corporate seal in all cases in which individuals may bind themselves without the use of a seal, yet when a corporation undertakes to make a transfer of the title to personal property by a written instrument, under its corporate seal, the best evidence rule applies and it is incumbent upon a plaintiff claiming to have thus acquired the title to prove the transfer so made.

13. Where a party takes and accepts a written instrument from

another wherein it is expressly stipulated that such instrument contains "the only terms, condition and contract upon which the property described above is delivered to the lessee, and that the same cannot be varied, altered or controlled except by agreement in writing, signed by both parties hereto," such an instrument is binding upon both parties, even though executed by only one of the parties. It is not permissible to both approbate and reprobate in asserting the same right in the courts.

14.  Section 2189 of the General Statutes of 1906 expressly provides for a judgment against the plaintiff and the sureties upon his bond, in an action of replevin, in the event of nonsuit of the plaintiff, as upon the verdict recovered after a trial. The recital in the affidavit and bond of the value of the property, which value is fixed by the plaintiff, is at least *prima facie* evidence of the value. Where a judgment has been entered against the plaintiff and his sureties, upon his suffering a non-suit, for the value as fixed in the affidavit and bond, and the plaintiff does not seem to have made any complaint as to the judgment in the court below, or brought the matter of value to the attention of the trial judge, even if not estopped by the recital in the affidavit and bond, he cannot be permitted to raise the question of value for the first time in the appellate court.

This case was decided by Division A.

Writ of error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Hampton & Hampton* and *W. S. Broome,* for Plaintiffs in Error;

*A. H. King* and *F. Y. Smith,* for Defendant in Error.

SHACKLEFORD, J.—This is an action of replevin insti-

tuted by Marvin Malsby, doing business as Malsby Machinery Company, one of the plaintiffs in error, against J. G. Gamble, the defendant in error, to recover the possession of certain described machinery. The declaration is in the usual form, to which the defendant filed a plea of not guilty. The cause came on for trial before a jury and, upon the court sustaining objections to certain proffered evidence of the plaintiff and refusing to admit the same, the plaintiff suffered a non-suit, whereupon a final judgment was entered against him and the surety upon his bond, which is brought here for review, with a bill of exceptions, as is provided by section 1697 of the General Statutes of 1906. Sixteen errors are assigned, all of which except the last two, relate to and are based upon the exclusion of evidence which the plaintiff sought to introduce. We shall discuss such as merit treatment.

As we said in Johnson v. Clutter Music House, 55 Fla., 385, text 388, 46 South. Rep., 1, text 2, "the action of replevin is not brought, like the action of assumpsit, for example, for the purpose of recovering the amount which might be found to be due from the defendant to the plaintiff on account, but to recover the property in dispute." This being true and the issue being thus restricted, it necessarily follows that evidence which would be proper and admissible in such an action as that of assumpsit might be improper and inadmissible in an action of replevin. In other words, no evidence is admissible in an action which does not correspond with the allegations in the pleadings and tend to prove the issues. Knight v. Empire Land Co., 55 Fla.. 301, 45 South. Rep., 1025; Seaboard Air Line Ry. v. Harby, 55 Fla., 555, 46 South. Rep., 590; Clary v. Isom, 56 Fla., 236, 47 South. Rep., 919. As we have frequently held, it is the province and duty of the court to determine the relevancy and admissibility

of evidence when the same is offered and objections are interposed thereto.  If the relevancy of the evidence is not apparent at the time it is offered it is properly rejected, though if the party proffering it clearly makes the purpose for which it is offered appear and promises to follow it up and connect it with other evidence, which would make it material and relevant, the trial court, being authorized to regulate the order of the introduction of evidence, may receive it conditionally, but its discretion in such a matter either in receiving or rejecting evidence will only be interfered with by an appellate court where clearly abused.  Stearns & Culver Lumber Co. v. Adams, 55 Fla., 394, 46 South. Rep., 156, wherein prior decisions of this court will be found cited.

The plaintiff sought to introduce in evidence two notes, dated October 4th, 1907, one for $366.66, due eight months after date, and the other for $366.67, due twelve months after date, executed under seal by the defendant, payable to the order of A. B. Farquar Company, Limited, of York, Pa., and endorsed by such payee in blank, after he first proved the execution of such notes by F. Y. Smith, one of the subscribing witnesses thereto.  Such notes recite that they were given for the purchase of certain described machinery and that the title to which shall remain in the payee until the purchase price thereof, as represented by such notes, had been fully paid off and discharged.  The defendant objected to the introduction of such notes and his objection was sustained by the court, which ruling forms the basis for the first assignment.  At the time such notes were offered in evidence, it had not been shown that the plaintiff owned or had any interest therein.  The relevancy and materiality to the issue did not appear on their face, and, so far as is disclosed by the transcript, the plaintiff did not apprise the trial court of the purpose

for which they were offered or promise to follow them up and connect them with other evidence, which would render them pertinent to the issues. In addition to the authorities cited *supra,* see the language used and authorities cited in Carter v. Bennett, 4 Fla., 283, text 334, which will be found to be well in point. As was there held, "If the evidence be irrelevant at the time it is offered, it is not error to reject it because other evidence may afterwards be given in connection with which it would become relevant." The mere endorsement of the notes, which stipulated that the ownership of and the title to the machinery therein described should remain the property of the payee until the notes were paid, even if such endorsement had been proved, did not of itself vest the title to such chattels in the endorsee, so as to enable him to maintain an action of replevin for the same. Roof v. Chattanooga Wood Split Pulley Co., 36 Fla., 284, text 294, 18 South. Rep., 597, text 598. The first assignment has not been sustained.

After such notes had been so offered and excluded, the following proceedings were had: "The plaintiff then and there recalled the said F. Y. Smith as a witness in his behalf, and witness being shown a paper purporting to be an acknowledgement that he held the property involved in this suit under a lease from the A. B. Farquhar Co., Limited, and was asked to identify same and state whether or not he witnessed the execution of this instrument. Witness stated that he did witness the execution of the instrument and that his signature thereto is genuine; and that J. G. Gamble must have executed the instrument or he would not have witnessed it; and

Thereupon, the plaintiff produced and offered said paper in evidence, together with the endorsements thereon, and assignment thereof on the back."

We find that such instrument recites therein that A. B. Farquar Co., Limited, called the lessors, had leased to J. G. Gamble, called the lessee, certain described machinery, which description corresponds with that in the pleadings in this action, for which machinery the lessee was to pay as they matured certain notes described therein, upon the payment of which and the keeping of all the covenants mentioned in the instrument that the lessors would make and execute to the lessee a bill of sale to such property, and that, if default should be made in the payment of any one of the notes described therein, the lessors should have the right to re-enter and take possession of such property. Such instrument was executed under seal by J. G. Gamble, the lessee, acknowledged by him and recorded in the public records of Alachua county, but was not executed by the lessor, although the testificandum clause recited that "the said parties have hereunto set their hands."

The following provision is also contained therein:

"It is further understood and agreed that the foregoing lease contains the only terms, conditions and contract upon which the property described above is delivered to the lessee, and that the same cannot be varied, altered or controlled except by agreement in writing, signed by both parties hereto."

Such instrument also contained the following endorsement thereon:

"York, Pa., March 24th, 1909.

We hereby assign, transfer and set over the within indenture of lease to the Malsby Machy. Co. of Jacksonville, Fla.

A. B. Farquhar Co., Limited.

By Francis Farquhar, Sec'y & Treas."

The following proceedings then took place:

"But to the reading of the same in evidence, the defendant then and there objected because said paper is incompetent for proof, entirely insufficient as to possession herein, immaterial and irrelevant, it is not proven and is wholly insufficient as to any basis for claim or right of possession in the instant case; it shows that there is insufficient consideration; and

The said judge then and there sustained said objection and refused to permit said paper to be read in evidence; to which ruling the plaintiff then and there excepted.

This ruling forms the basis for the second assignment. It will be observed that the endorsement on such instrument was not made under the corporate seal and also that no offer or attempt was made to prove the exception thereof by A. B. Farquar Co., Limited. Such endorsement could not prove itself, consequently the same was not admissible as an assignment of such instrument, and yet, as appears from the proceedings which we copied above, such instrument was offered in evidence, "together with the endorsements thereon, and assignment thereof on the back." Being thus offered as an entirety, the court might well have been warranted in excluding it for this reason alone. Without such endorsement or assignment, its relevancy and materiality did not appear and the plaintiff did not offer or promise to connect it with other evidence. It is true that the grounds of objection urged against its introduction might have been more precise and specific, but we are of the opinion that they were sufficient to justify the court in excluding the instrument, so offered as an entirety. It follows that this second assignment must fall with the first. In so holding, we bear in mind the principle enunciated in Atlantic Coast

Line R. Co. v. Partridge, 58 Fla., 153, 50 South. Rep., 634, that the mere fact that proffered evidence is not full and complete within itself but forms only one link in the chain, so that it would have to be supplemented by other evidence in order to avail the party offering it, may not render such evidence incompetent or inadmissible. We fully approve of this principle, but it should be clearly made to appear to the trial judge that the evidence so offered does form a material link in the chain.

The plaintiff next offered in evidence the following paper:

"This Indenture made and entered into on this 24th day of March, 1909, between the A. B. Farquhar Company, Limited, of York, Pa., party of the first part, and the Malsby Machinery Company, of Jacksonville, Florida, party of the second part, Witnesseth: That the said party of the first part for and in consideration of the sum of one dollar and other valuable consideration to it in hand paid by the party of the second part, the receipt of which is hereby acknowledged, has transferred, assigned, set over and sold to the party of the second part all of the right, title and interest of the party of the first part in and to one certain lease and the property therein described, made and executed by J. G. Gamble, lessee, to the party of the first part, lessor, on the 4th day of October, 1907, and which lease is recorded in the public records of Alachua county, Florida, in the office of the clerk of the circuit court of said county, in Missel. Records No. 3 at pages 315 to 317, on the 9th day of December, 1907.

In Witness Whereof the said party of the first part has hereunto set its hand and affixed its corporate seal on the day and year first above written..

Signed, sealed and | A. B. Farquhar Company, Limited.
delivered in the |
presence of as wit- | By *A. B. Farquhar, Pres.*
nesses: |
M. C. Evans, | Attest:
Phillip N. Lehn. | Francis Farquhar,
(Corporate Seal)" | Sec'y & Treas.

Although acknowledged, such instrument does not appear to have been recorded in the public records, therefore section 21 of Article XVI of the State Constitution of 1885 has no applicability. The sustaining of the defendant's objections and the exclusion of such instrument form the predicate for the third assignment. We are of the opinion that this assignment must also fall. It will be observed that no attempt was made to prove the execution of such instrument. We held in Griffing Bros. Co. v. Winfield, 53 Fla., 589, 43 South. Rep., 687, that "Courts do not take judicial notice of the seals of private corporations, nor do such seals prove themselves, but where it is shown or admitted that the instrument is signed for the corporation by its proper officer the presumption is that it was duly executed, which presumption includes the authenticity of the seal used in its execution." No such presumption arises in regard to this instrument, for the reason that, at the time it was offered, it had neither been shown nor admitted that it was signed for the corporation by its proper officer. Also see 10 Cyc. 1016 and 1017, and vol. 2 of Thompson on Corporations, section 1926 (2nd ed.), and authorities cited in the notes. Read in connection with the facts in the respective cases and bearing in mind the points presented for decision therein, the principle enunciated in *Union Bank of Florida v. Call,* 5 Fla., 409, and International Kaolin Co. v. Vause, 55

Fla., 641, 46 South. Rep., 3, is in entire harmony with our holding in Griffing Bros. v. Winfield, *supra.* The mere fact that the instrument in question was acknowledged for record does not make it admissible as evidence, since we have no statute to that effect. Hogans v. Carruth, 18 Fla., 587; Skinner v. Pinney, 19 Fla., 42, 45 Amer. Rep. 1; Bell v. Kendrick, 25 Fla., 778, 6 South. Rep., 868. Also see 1 Enc. L. & P., 847. Neither the corporate seal having been proven nor the signing for the corporation by its proper officer, we are of the opinion that the ground of objection, "not proven," was well taken and was properly sustained.

The fourth and fifth assignments are predicated upon the sustaining of objections to certain questions propounded by the plaintiff to J. M. Martin and Marvin Malsby, witnesses introduced on behalf of the plaintiff, and the striking out of certain testimony on motion. In its brief the plaintiff states that the object of the questions propounded to such witnesses was to show that the defendant was in default in his payments, which fact it was necessary to establish a right of action either in the plaintiff or in the A. B. Farquhar Company, Limited, against the defendant, since the sale of the property to him was conditional, the title thereto being reserved in the seller. Campbell Printing Press & Manufacturing Co. v. Walker, 22 Fla., 412, 1 South. Rep., 59; Scotch Mfg Co. v. Carr, 53 Fla., 480, 43 South. Rep., 427; Dannelly v. Russ, 54 Fla., 285, 45 South. Rep., 496; Smith v. Klay, 47 Fla., 216, 36 South. Rep., 54, and Cobbey on Replevin, section 248, are cited and relied upon, all of which we have examined. Conceding the correctness of the principles set forth in these cited authorities, we are of the opinion that they are not sufficient to sustain these

assignments.   Even if we make the further concession that, at the time such testimony was offered, the plaintiff had established the fact of the conditional sale of the property in question to the defendant, which does not seem to have been the case, that would not warrant us in holding that the trial court erred in excluding such proffered testimony.   As we have already said, the action of replevin is brought for the purpose of recovering the possession of personal property.   Johnson v. Clutter Music House, 55 Fla., 385, 46 South. Rep. 1.   Also see Richbourg v. Rose, 53 Fla., 173, 44 South. Rep., 69, S. C., 12 Amer. & Eng. Anno. Cas., 274, 125 Amer. St. Rep., 1061.   We have also held that to enable a plaintiff to recover in an action of replevin it must appear from the evidence that he was entitled to the possession of the property sued for, or some of it, at the time the action was brought.   Younglove v. Knox, 44 Fla., 743, 33 South. Rep., 427.   As we have also had occasion to say in this opinion, we have repeatedly held that the trial court is authorized to regulate the order of the introduction of evidence; and its discretion in this matter will be interfered with by an appellate court only when an abuse thereof is clearly made to appear.   Wilson v. Jernigan, 57 Fla., 277, 49 South. Rep., 44.   As we held in Wilson v. Johnson, 51 Fla., 370, 41 South. Rep., 395, courts of justice exist for the administration and furtherance of justice, and in the conduct of trials generally much must be left to the discretion of the trial judge.   At the time such testimony was offered, the right of possession to such property had not been shown to be in the plaintiff.   For this reason, if for no other, in the exercise of his judicial discretion, the trial judge might have properly excluded such proffered testimony.

The sixth to the eleventh assignment inclusive are all

based upon the exclusion of certain testimony sought to
be elicited from the witness, Marvin Malsby. We have
given them all a careful examination, but see no useful
purpose to be accomplished by a detailed discussion of
them. Much of what we have said in disposing of the pre-
ceding assignments is also applicable to these assign-
ments. No reversible error is made to appear to us in any
of them.

The plaintiff introduced in evidence the deposition of
Francis Farquar, who testified that he was the secretary
and treasurer of the plaintiff corporation. His deposi-
tion is quite lengthy a number of interrogatories having
been propounded to him both upon the direct and cross-
examination. A mass of correspondence is attached to and
forms part of his answers to such direct and cross-inter-
rogatories, having been called for by them. Considering
the sole issue involved in this action of replevin, we are
at a loss to understand the object for which the greater
portion of the evidence of this witness, and especially the
correspondence, was introduced. It would not seem to be
pertinent to the issue or to throw any light thereon, but
the tendency thereof is to obscure and confuse it. After
the introduction of such deposition, and after the plain-
tiff had recalled Marvin Malsby as a witness and had
sought to elicit certain testimony from it, which was ex-
cluded by the court, the plaintiff again offered in evidence
the written instruments, the exclusion of which forms
the basis for the first three assignments. The court again
refused to receive in evidence such instruments and his
rulings thereon form the basis for the twelfth, thirteenth
and fourteenth assignments. We are of the opinion that
they were not sufficiently proven or connected with the
plaintiff's right of action to warrant us in holding that
the trial judge was in error in again excluding them.

Further discussion along this line is not called for, and we content ourselves with referring to what has already been said and the authorities cited. Conceding that a written instrument is not essential to transfer the title to personalty and that, as we held in Griffing Bros. Co. v. Winfield, *supra,* "the rule is well established that unless its character or governing statute requires it a corporation may contract and bind itself without the use of its corporate seal in all cases in which individuals can bind themselves without the use of a seal," this will not avail the plaintiff. Whatever the A. B. Farquar Co., Limited, might have done in the way of assigning and transferring the title to the chattels, it is disclosed that as a matter of fact it undertook to do so by a written instrument, under its corporate seal, and so the best evidence rule applies and it was incumbent upon the plaintiff to prove the transfer so made. We must also bear in mind that in the written instrument taken by the A. B. Farquar Co., Limited, from the defendant it was expressly stipulated therein that such instrument contained "the only terms, condition and contract upon which the prop erty described above is delivered to the lessee, and that the same cannot be varied, altered or controlled except by agreement in writing, signed by both parties hereto." Having accepted such an instrument, the A. B. Farquar Co., Limited, is bound by it. "It is not permissible to both approbate and reprobate in asserting the same right in the courts." American Process Co. v. Florida White Pressed Brick Co., 56 Fla., 116, text 122, 47 South. Rep., 942, text 944, and authorities there cited. As we have also held, all parties are free to make whatever contracts they please, so long as no fraud or deception is practiced and there is no infraction of law, and the fact that one of the parties may have made a rather hard bargain will not

avoid the contract. Mizell Live Stock Co. v. J. J. McCaskill Co., 59 Fla., 322, 51 South. Rep., 547, and prior decisions of this court there cited.

The fifteenth assignment is abandoned. The sixteenth assignment is based upon the final judgment entered in the cause. After the plaintiff had taken a non suit, the following judgment was entered:

"Whereupon it is considered, ordered and adjudged that the defendant J. G. Gamble go hence without day, and that he do have and recover of the plaintiff Marvin Malsby doing business as Malsby Machinery Co. the possession of the following property to-wit: One 9x11" cylinder Ajax C. Crank Engine mounted on one 20 H. Power Cornish boiler on 4 wheels and one No. 2½ saw mill with 50 inch inserted tooth saw 35 feet of carriage, 80 feet of ways, 3 head blocks with regular dogs, Ideal Reamy friction feed with belt tightener, wire cable attachment lumber truck iron, two cant hooks, crow bar, monkey wrench, saw and oil can, main belt 60 feet of 10 inch 4 ply rubber, on No. 8 circular saw steel mandrel and one 36" solid tooth cut-off saw together with his costs in this behalf expended taxed at eight dollars and —— cents. And that the defendant J. G. Gamble do have and recover of and from the plaintiff Marvin Malsby doing business as Malsby Machinery Co., and American Surety Co. of New York sureties upon his bond herein the sum of fourteen hundred dollars for his damages together with his costs in this behalf expended taxed at eight dollars and —— cents. For which let execution issue."

It is contended that this was erroneous for the reason that no evidence was adduced as to the value of the property. Johnson v. Clutter Music House, 55 Fla., 385, 46 South, Rep., 1, is cited and relied upon to support this contention, but, while we fully approve of what is said

therein, we do not see its applicability in the instant case. As a comparison thereof readily discloses, the facts and circumstances in the instant case are quite dissimilar from those in the cited case. The only other authority cited by the plaintiff to support his contention is Cobbey on Replevin, sections 1062 and 1063, which we have examined, but are of the opinion that it is not applicable, as the subject there treated is the verdict and findings. Section 2189 of the General Statutes of 1906 controls as to the entry of the judgment. Such section is as follows:

"2189. (1725.) Judgment for defendant.—

1. When Goods Have Been Re-Delivered to Defendant. —When goods shall have been re-delivered to the defendant upon his forthcoming bond, and it shall appear upon the non-suit of the plaintiff, or upon trial or otherwise, that the defendant is entitled to the goods, he shall have judgment against the plaintiff and the sureties upon his bond for his damages for the taking of such property and for his costs.

2. When Goods Have Not Been Re-Delivered to Defendant.—When it shall appear as set forth in the preceding section and the property shall not have been re-delivered to the defendant, judgment shall be entered up against the plaintiff for possession of the property, and costs, and against him and his sureties for the value thereof and costs, in the same manner as provided in section 2188, paragraph 2, for judgment in favor of the plaintiff; and the defendant shall have the same election as in said section accorded to the plaintiff. The value of each article of the goods replevined shall be found as is directed in said section, with same exception."

It will be observed that this section expressly provides for the entry of judgment upon the non-suit of the plaintiff, as well as upon the trial, which has resulted in a

verdict against· him, and the judgment is to be of like character in either case. As to the value of the chattels, it would seem that the recital thereof in the affidavit and the bond, which value is fixed by the plaintiff, is binding upon him and his sureties or obligors. At least, the affidavit and bond would be *prima facie* evidence of the value. See Wells on Replevin (2nd ed.) page 410, 481, 660, and authorities cited in the notes; Weyerhaeuser v. Foster, 60 Minn., 223, 61 N. W. Rep., 1129; Lamy v. Remuson, 2 New Mexico, 245; Capital Lumbering Co. v. Learned, 36 Oregon, 544, 59 Pac. Rep., 454, 78 Amer. St. Rep., 792; Smith v. Winston, 10 Mo., 299; 34 Cyc. 1510. Further discussion does not seem called for. It is sufficient to say that the plaintiff does not seem to have made any complaint as to the judgment in the court below, or brought the matter of value to the attention of the trial judge. Even if he is not estopped by the recital in the affidavit and bond, he cannot be permitted to raise the question of value for the first time here on his writ of error.

Having found no reversible error, the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.