TULLY HICKSON AND OCALO AUTO AND GARAGE COMPANY, A DOMESTIC CORPORATION, *Plaintiffs in Error,* v. GEORGE A. OSTEEN, *Defendant in Error.*

Opinion Filed March 6, 1922.

The language of paragraph 2 of Section 2188 of the General Statutes of 1906, relating to the judgment in an action of replevin, where the goods have been re-delivered to the defendant upon his forth-coming bond, is mandatory, and a judgment is fatally defective which is not entered in substantial compliance with its requirements.

A Writ of Error to the Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment reversed.

*L. W. Duval,* for Plaintiffs in error;

*W. K. Zewadski,* for Defendant in Error.

PER CURIAM.—In an action of replevin the property was taken by the defendants under a forth-coming bond. The following verdict and judgment were rendered.

"We the jury find that the plaintiff is entitled to the possession of the personal property described in the declaration as one Buick, five passenger, model D-45, 1917 automobile of the value of eight hundred dollars,—together with his damages for its detention which we assess at two hundred dollars."

"Upon consideration thereof it is ordered and adjudged that the plaintiff, George A. Osteen, do have and recover of and from the defendants Tully Hickson and Ocalo Auto and Garage Company, a domestic corporation, the personal property described in the declaration as one Buick, five passenger, Model D-45, 1917 automobile, of the value of Eight Hundred dollars, and that a writ of possession do issue for the said property; and that the said plaintiff George A. Osteen do have and recover of and from the defendant Tully Hickson and E. W. Rush and J. B. Neal, his sureties on his forth-coming bond the sum of One Thousand Dollars as and for his damages in this behalf, together with his costs taxed at $26.35 for which let execution issue."

Writ of error was taken by the defendants and the sureties on the forth-coming bond.

The statute provides that: If it shall appear "that the

goods have been redelivered to the defendant upon his forth-coming bond, the plaintiff shall take judgment for the property itself and against the defendant and the sureties on the forth-coming bond of the defendant for the value of the property; such judgment to be satisfied by the recovery of the property or of the amount adjudged against the defendant and his sureties.'' Par. 2, Sec. 2188, Gen. Stats. 1906, Par. 2, Sec. 3493, Rev. Gen. Stats. 1920.

The language of paragraph 2 of section 2188 of the General Statutes of 1906 relating to the judgment in an action of replevin, where the goods have been re-delivered to the defendant upon his forth-coming bond, is mandatory, and a judgment is fatally defective which is not entered in substantial compliance with its requirements. Johnson v. Clutter Music House, 55 Fla. 385, 46 South. Rep. 1.

As the verdict found the value of the property to be $800.00, it was error to enter a judgment against the sureties for $1000.00.

No material errors appear anterior to the entry of the judgment, it is therefore, ordered, that the judgment be reversed and the cause remanded for a proper judgment.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.