HENRY ITTLESON, as Trustee,, *Plaintiff in Error*, v. FRANK BROWNING, *Defendant in Error*.

En Banc.

Opinion filed May 27, 1930.

1196

*Geo. W. Bassett, Jr.,* for Plaintiff in Error.

*Hilburn & Merryday,* for Defendant in Error.

DAVIS, Commissioner:

This is an action of replevin instituted by Henry Ittleson, Philip W. Haberman, Claude L. Hemphill, Henry C. Vogel, as trustees, doing business as Commercial Investment Trust, a common-law trust organized and existing under and by virtue of the laws of the State of Massachusetts, against one Frank Browning. To the declaration, the defendant filed the following pleas: (1) That he is not guilty, (2) that the property described in declaration is not the plaintiff's property. The cause came on for trial before a jury and a verdict was rendered, by direction of the court, in favor of the defendant. A motion for a new trial having been filed and overruled by the court, a final judgment was entered adjudging the defendant to be entitled to the possession of the property and that plaintiffs pay the costs. Twenty-five errors were assigned, all, except four, of which relate to the rulings of the court in the admission or exclusion of evidence. A number of assignments of error have been abandoned by the plaintiff in error.

To enable plaintiff to recover the possession of personal property in an action of replevin, it must appear from the evidence that he was entitled to the possession of the property sued for or some of it, at the time the action was brought. Younglove v. Knox, 44 Fla. 743, 33 So. R. 427; Malsby v. Gamble, 61 Fla. 310; 54 So. R. 766.

During the progress of the trial, plaintiffs offered in evidence what purports to be a contract signed by one P. A. Turlington for the purchase of an automobile; and they also offered what purports to be a note signed by the said Turlington, payable to the order of Thomas Motor Co.,

Inc. The contract, which is dated June 1, 1926, acknowl-
edges the receipt by Turlington of the automobile from
the Thomas Motor Co., Inc. The note was also dated June
1, 1926, and conformed to the terms of the contract, but
makes no reference to the contract or to the automobile.
The contract and note were printed on one piece of paper,
each containing blank spaces for the purpose of filling in
dates, names, amounts, etc., but the note, according to the
testimony, became detached from the contract at a per-
forated line which separated them. These two instruments
were not offered one in succession to the other but both
were offered at the same time. Before they were offered in
evidence, each instrument was identified by Turlington as
having been signed by him, and he also testified that the
notes had been signed by him with authority to the agent
of the vendor to fill in the blanks, and that his direction to,
and his agreement with, such agent was that the amount
to be filled in should be $393.00, instead of the sum of
$1,241.00 which was filled in contrary to his instructions.
Turlington further testified that he paid the vendor for the
automobile on July 1, 1926, by delivering to vendor
another automobile that he had been using and paying the
balance in money as per his original agreement. At the
foot of the contract is what purports to be an assignment
of the contract and a transfer of the right, title and inter-
est of the vendor to the property therein described to
"Commercial Investment Trust." This purports to be
signed as follows: "Thomas Motor Co., Inc., by F. J.
Thomas, Jr." The note bears the following endorsement
on its back: "Pay to the order of Commercial Investment
Trust without recourse on us Thomas Motor Co., Inc.,
dealer, by F. J. Thomas, Jr., signature." Neither the said
assignment nor the endorsement on the back of the note
were proven or offered in evidence.

The defendant objected to the admission in evidence of the said contract and note, and the court sustained the objection. According to the contract, Turlington agreed that the title, ownership and right of possession of the automobile was vested in the vendor and its assigns until the indebtedness, whether evidenced by note or otherwise, was fully paid in money; that the balance of $1,241.00, in monthly installments, one for $103.60 and eleven for $103.40 each, were evidenced by one promissory note of the same date as the contract, bearing interest from maturity at highest lawful rate; that if any of said indebtedness should become due and remain unpaid, the whole or any part of the full amount, including any note given, should become due and payable forthwith, and that the vendor or assigns might, without any previous notice or demand for performance, and without legal process, enter any premises where said automobile might be found and take possession thereof. The contract and note were important links in the chain, if supplemented by other evidence.

This Court has said:

"The mere fact that proffered evidence is not full and complete within itself but forms only one link in the chain, so that it would have to be supplemented by other evidence in order to avail the party offering it, may not render such evidence incompetent or inadmissible." Malsby v. Gamble, 61 Fla. 310, 319, 54 So. R. 766; Atlantic Coast Line R. Co. v. Partridge, 58 Fla. 153, 50 So. R. 634; McMillan v. Reese, 61 Fla. 360, 55 So. R. 388.

The Court, however, in these same cases, further said that for such evidence to be admissible, it should be made clearly to appear to the trial court that the evidence, so offered, does form a link in the chain. In Malsby v. Gam-

ble, *supra*, a replevin suit was instituted for the recovery of personal property by the endorsee of certain notes, which recited that they were given for the purchase of certain described property, the title to which should remain in the payee until the purchase price thereof, as represented by the notes, was fully paid. The plaintiff was also the assignee of a certain contract, termed a lease, which recited that the assignor, or lessor, had leased to the defendant certain personal property, the description of which corresponded with that described in the pleadings, for which property the lessee was to pay certain notes described therein, upon the payment of which and the keeping of all the covenants mentioned in the instrument, the lessor would make and execute to the lessee a bill of sale to such property and if default should be made in the payment of any one of the notes described therein the lessor should have the right to repossess such property. The notes were offered in evidence at the trial of the cause and the court sustained objections to their admission in evidence. This Court in passing upon an assignment of error based upon such ruling said:

"At the time such notes were offered in evidence, it had not been shown that the plaintiff owned or had any interest therein. The relevancy and materiality to the issue did not appear on their face, and, so far as is disclosed by the transcript, the plaintiff did not apprise the trial court of the purpose for which they were offered or promise to follow them up and connect them with other evidence, which would render them pertinent to the issues."

Plaintiff then offered in evidence the "lease" together with the endorsement thereon and the assignment thereof

on the back. The endorsement on the lease purported to be signed by the lessor and to "assign, transfer and set over the within indenture of lease to the Malsby Machy. Co.," the plaintiffs in the case, but such endorsement was not proved. To the introduction of the paper, the defendant interposed an objection and the objection was sustained and permission to read such paper in evidence was denied. This Court in passing upon an assignment of error based upon this ruling said:

"Without such endorsement or assignment, its relevancy and materiality did not appear and the plaintiff did not offer or promise to connect it with other evidence."

The plaintiff next offered in evidence a paper purporting to be signed by the lessor and purporting to transfer, assign, set over and sell to the Malsby Machy. Co., the right, title and interest of the lessor in and to the lease and the property therein described. The defendants objected to the admission of this paper in evidence, because it was "not proven" and this Court was of the opinion that the ground of the objection was well taken, and that the assignment of error based on the ruling of the trial judge sustaining such objection "must also fall."

In the instant case, plaintiff in error has assigned as error the ruling of the lower court in refusing to permit the alleged contract and note to be read in evidence. No offer was made by the plaintiff that if such papers were received in evidence, they would be supplemented by production and offer of the endorsement on the back of the note and the assignment of the said contract and other evidence which was necessary to establish the right of the plaintiffs to a verdict in their favor.

While it is our opinion that a number of the grounds of objection urged against the admission of these papers in evidence are without merit, it is also our opinion that by applying the principles stated in the case of Malsby v. Gamble, *supra,* as they were applied in that case, the relevancy and materiality of the papers offered by plaintiff in the instant case did not appear at the time they were offered, and inasmuch as there was no offer or promise to connect them with other evidence the assignment of error based on the ruling of the court refusing to permit them to be read in evidence is not well taken. Indeed the transcript does not disclose that the plaintiffs at any time offered to introduce in evidence the assignment of the contract and endorsement of the note or even to prove such assignment or endorsement.

It was essential to the plaintiffs' case for the note and endorsement on the back thereof, the contract and the assignment and transfer of such contract and the title to the automobile, to be placed in evidence, and inasmuch as the plaintiffs failed to get these papers before the jury, there was nothing upon which a verdict in their favor could be based.

It follows that the judgment of the lower court should be affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.